UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| In re:<br><br>FAITH ELYZABETH ANTONIO,<br><br>Debtor. | Case No: 8:20-BK-07637<br>Chapter 7 |
| DGP PRODUCTS INC., D/B/A NUMERIC RACING,<br>Plaintiff,<br><br>vs.<br><br>FAITH ELYZABETH ANTONIO,<br><br>Defendant. | Adversary Case No: 8:20-ap-00537-CPM |

**JOINT DISCOVERY/ CASE MANAGEMENT PLAN**

1. State where and when the meeting of the parties required by Rule 16(f) was held, and identify the counsel who attended for each party.

Tuesday, November 3, 2020 at 1:30 p.m. via Zoom.

Stanford R. Solomon
ssolomon@solomonlaw.com
Florida Bar No. 302147
**THE SOLOMON LAW GROUP, P.A.**
1881 West Kennedy Boulevard, Suite D
Tampa, Florida 33606-1611
(813) 225-1818 (Tel)
(813) 225-1050 (Fax)
Attorneys for **DGP PRODUCTS INC.**

Gino A. Megna
gino.megna@tampabay.rr.com
Florida Bar No. 121597
**MCGUIRE LAW OFFICES**
1173 N.E. Cleveland St.
Clearwater, FL 33755
(727) 446-7659 (Tel)
(727) 446-0905 (Fax)
Attorneys for **FAITH ELYZABETH ANTONIO**

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

In re: Faith Elyzabeth Antonio, U.S. Bankruptcy Court for the Middle District of Florida, Case No. 8:20-BK-07637.

DGP Products Inc. d/b/a Numeric Racing v. Faith Elyzabeth Antonio, Florida Circuit Court for Pasco County, Florida, Case No. 20-CA-889-CA-AXWS.

3. Briefly describe what this case is about.

This is an adversary proceeding in which DGP Products Inc. d/b/a Numeric Racing ("**DGP**") seeks to prevent the discharge of the repayment obligations that Faith Elyzabeth Antonio owes to DGP. based on claims that the debt obligation was incurred by fraud, deceit, embezzlement, theft, and misappropriation of assets belonging to DGP while Ms. Antonio was employed by DGP. DGP also seeks to prevent the discharge of all of Ms. Antonio's debt because she has unjustifiably resisted providing information to DGP to enable DGP to determine the full amount of Ms. Antonio's misappropriation and is using the bankruptcy code to prevent and obstruct DGP from uncovering the full extent of Ms. Antonio's misappropriation.

Ms. Antonio denies all the allegations and was in dating relationship with the owner of DGP throughout the time period expressed in the complaint and alleges all transactions were expressly authorized by the Daniel Geberth. Defendant believes any of these allegations are based upon a scorned boyfriend from a previous relationship.

4. Specify the allegation of federal jurisdiction.

Federal jurisdiction in this case is based on 28 U.S.C. § 1334(a).

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) to determine dischargeability of debt.

5. Identify the parties who disagree and the reasons.

Ms. Antonio disputes all of the claims asserted by DGP and believes that she is entitled to a full discharge of all liabilities because all claims asserted have no merit and stemmed from a longstanding relationship between the parties and any debts allegedly asserted owed are dischargeable under the bankruptcy code.

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

Not known at this time.

7. List anticipated interventions.

None believed to be required.

8. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

Initial disclosures have been served together with all documents currently in the parties' possession and relevant to any claim or defense. Where relevant documents are known to exist but cannot be produced (such as third-party-maintained records subject to discovery by subpoena), these documents will be sought and produced, subject to a confidentiality agreement to be approved by the Court.

9. Described the proposed agreed discovery plan, including:

A. DGP intends on subpoenaing personal financial documents of the Ms. Antonio from third parties. When DGP attempted to serve these subpoenas in the state court litigation, Ms. Antonio objected. Ms. Antonio has indicated that Ms. Antonio will continue to object to the service of the subpoenas on the same grounds, necessitating court intervention.

DGP has offered to enter into a Confidentiality Agreement that would restrict the use or disclosure of any financial record received in discovery to this case and any permitted proceedings relevant to pursuit of claims and charges against Ms. Antonio (and her alleged accomplices) for misappropriation and the like in an attempt to resolve this issue. Ms. Antonio has rejected this Confidentiality Agreement.

DGP requests that ESI shall be produced in native format (as opposed to .PDF format) such that all metadata is preserved and displayed upon production. All costs of ESI discovery must be borne initially by the requesting party, subject to reallocation upon motion.

B. When and to whom DGP anticipates that it may send interrogatories.

DGP will serve interrogatories to Ms. Antonio after documents are produced by third parties pursuant to subpoenas *duces tecum* served by DGP

C. When and to whom Ms. Antonio anticipates it may send interrogatories.

Ms. Antonio anticipates on sending interrogatories and or may have subpoenas to be served.

D. Of whom and by when DGP anticipates taking oral depositions.

DGP plans to depose Ms. Antonio, her daughter, her boyfriend, Intuit, Innisbrook, and other co-conspirators and associates of Ms. Antonio.

E. Of whom and by when Ms. Antonio anticipates taking oral depositions.

Ms. Antonio plans to depose Daniel Geberth and all others on Ms. Antonio's witness list.

F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

DGP plans to retain several experts, including a forensic accountant, a bookkeeper/account manager expert, computer technology expert, software program expert, and banking expert. DGP's expert reports will be produced to Ms. Antonio by February 15, 2021, assuming that production from third parties can be accomplished in a timely manner. Ms. Antonio's expert reports must be produced to DGP by March 15, 2021. Any related report by DGP's experts must be produced by March 31, 2021. Exert depositions to be completed by April 30, 2021.

10. State the date the planned discovery can reasonably be completed.

May 15, 2021

11. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

None at this time.

12. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

Mediation will be appropriate after documents are produced by third parties pursuant to subpoenas *duces tecum* to be served by DGP.

13. State whether a jury demand has been made and if it was made on time.

No jury trial has been demanded to this point.

14. Specify the number of hours it will likely take to present the evidence in this case.

Twelve hours.

15. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

A. DGP's Motion to Compel Discovery.

B. DGP's Motion to Strike.

16. List other pending motions.

None at this time.

17. List issues or matters, including discovery, that should be addressed at the conference.

Confidentiality; Third Party Discovery.

18. List the names, bar numbers, addresses, telephone numbers, and e-mails of all counsel and unrepresented parties.

Stanford R. Solomon
ssolomon@solomonlaw.com
Florida Bar No. 302147
**THE SOLOMON LAW GROUP, P.A.**
1881 West Kennedy Boulevard, Suite D
Tampa, Florida 33606-1611
(813) 225-1818 (Tel)
(813) 225-1050 (Fax)
Attorneys for **DGP PRODUCTS INC.**

Gino A. Megna
gino.megna@tampabay.rr.com
Florida Bar No. 121597
**MCGUIRE LAW OFFICES**
1173 N.E. Cleveland St.
Clearwater, FL 33755
(727) 446-7659 (Tel)
(727) 446-0905 (Fax)
Attorneys for **FAITH ELYZABETH ANTONIO**

Counsel for DGP Products Inc. — Date: 11/19/20

Counsel for Faith Elyzabeth Antonio — Date: 11/19/20

## Certificate of Service

I hereby certify that I am admitted to the bar of this Court. I further certify that the foregoing **JOINT DISCOVERY/CASE MANAGEMENT PLAN** was filed and then served by CM/ECF transmission on November 19, 2020 upon the following:

Gino A. Megna
McGuire Law Offices
1173 N.E. Cleveland St.
Clearwater, FL 33755
**Attorney for Defendant**

United States Trustee - TPA7/13
Timberlake Annex, Ste. 1200
501 E. Polk Street
Tampa, FL 33602
**U.S. Trustee**

Christine L Herendeen
P.O. Box 152348
Tampa, FL 33648
**Trustee**

Stanford R. Solomon
ssolomon@solomonlaw.com
Florida Bar No. 302147
**THE SOLOMON LAW GROUP, P.A.**
1881 West Kennedy Boulevard, Suite D
Tampa, Florida 33606-1611
(813) 225-1818 (Tel)
(813) 225-1050 (Fax)
Attorneys for **DGP PRODUCTS INC.**