UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| In re:<br><br>FAITH ELYZABETH ANTONIO,<br><br>Debtor. | ) | Case No: 8:20-BK-07637<br>Chapter 7 |
| DGP PRODUCTS INC. D/B/A NUMERIC RACING,<br>Plaintiff,<br><br>vs.<br><br>FAITH ELYZABETH ANTONIO,<br><br>Defendant. | ) | Adversary Case No: 8:20-ap-00537-CPM |

**DGP PRODUCTS INC.'S**
**RESPONSE TO ANTONIO'S MOTION FOR PROTECTIVE ORDER**

DGP Products Inc. d/b/a Numeric Racing ("**Plaintiff**") hereby responds to the Motion for Protective Order (the "**Motion**") [Doc. 53], filed by Faith Elizabeth Antonio ("**Antonio**").

## PROCEDURAL HISTORIES

### Injunction Case

1. On March 16, 2020, Antonio filed a Petition for Injunction for Protection against Daniel Geberth ("**Geberth**"), Plaintiff's principal officer in *Faith E. Antonio v. Daniel Alan Hilton Geberth*, Circuit Court for Pinellas County Case No. 20-002405-FD (the "**Injunction Case**").

2. On April 22, 2020, the Injunction against Geberth was granted until April 22, 2021.

3. On December 3, 2020, Geberth filed his Verified Motion to Dissolve Injunction (the "**Motion to Dissolve**"), thereby reactivating the Injunction Case.

4. On January 7, 2021, Antonio herself filed ***pro se*** (without the assistance counsel) a Petition by Affidavit for Order to Show Cause for a Violation of Final Judgment of Injunction for Protection Against Dating Violence (the "**Pro Se Petition**").

5. The Pro Se Petition alleges that Geberth contacted "a former boyfriend" to harass Antonio Further examination of the exhibits to the Petition show that the "former boyfriend" to which Antonio refers is Thomas MacArthur.

6. Based on Antonio's detailed allegations in the Pro Se Petition, Geberth understood Antonio was proceeding ***pro se*** without counsel in the Injunction Case.

7. On January 13, 2021, Geberth issued a subpoena to Antonio for her deposition on January 22, 2021 and served on Antonio (through a professional process server) the Notice of Deposition, the Subpoena for Deposition, and the Notice of Issuance of Subpoena for Deposition. In this deposition, Geberth intended to examine Antonio regarding both the Petition filed by Antonio in the Injunction Case and the changed circumstances alleged by Geberth in his Motion to Dissolve Injunction.

8. Antonio did not appear at her deposition, asserting (untruthfully) that neither she nor her counsel had received notice of the deposition and that Antonio had a medical procedure scheduled for that day.

9. On January 25, 2021, Geberth issued two additional subpoenaes directed to Brianna Antonio and David Antonio. The deponents were Antonio's 23-year old daughter and father, respectively. Geberth sought the testimony of Brianna Antonio and David Antonio in the Injunction Case to investigate the truth of Antonio's allegations in the Petition that Antonio herself had filed *pro se*.

10. On January 26, 2021, Ms. McHugh filed a Motion for Protective Order, seeking to prevent Antonio from taking the depositions of Brianna Antonio, David Antonio, and Antonio entirely.

11. After a hearing, the Court granted Antonio's motion for protective order. This Order prevents Geberth from taking any depositions in the Injunction Case.

12. On March 3, 2021, Geberth's Motion to Dissolve was denied.

13. Aside from a Motion to Extend Injunction filed by Antonio, the Injunction Case has been fully resolved.

**Criminal Case**

14. On February 1, 2021, Geberth was charged with one count of harassing or cyberstalking Antonio in Pinellas County Case No. 21-01311-MM (the "**Criminal Case**").

15. On February 17, 2021, Geberth filed a plea of not guilty and requested discovery in the Criminal Case.

16. Geberth seeks to depose two individuals in the Criminal Case. The first is Juan Miranda, whom Antonio claims sexually assaulted her many, many years ago and whom Antonio still claims to fear. The second is Thomas McArthur, a former boyfriend of Antonio whom Antonio claims Geberth contacted in an attempt to harass Antonio.

17. Geberth is attempting to obtain dates for these depositions from the State Attorneys' Office and from Antonio, following the requirements of Florida Rule of Criminal Procedure 3.220.

**Adversary Proceeding**

18. On October 15, 2020, Plaintiff filed the Complaint [Doc. 1] in this adversary proceeding.

19. On December 21, 2020, SolomonLaw coordinated with Samantha Dammer ("**Dammer**"), Antonio's then-counsel in the adversary proceeding, to schedule the deposition of Antonio and the deposition of Geberth for February 16 & 17, 2021. These depositions would examine the facts in the adversary proceeding, including Antonio's working relationship with Plaintiff and Antonio's receipt/embezzlement of Plaintiff's funds.

20. On December 31, 2020, Plaintiff issued its Notice of Deposition of Faith Antonio [Doc. 23]; however, Dammer never issued a notice for Geberth's deposition.

21. On January 21, 2021, SolomonLaw realized that it would be unable to take Antonio's deposition on February 16, 2021 based on a conflict created in an unrelated case. SolomonLaw reached out to Dammer, who agreed to reschedule the depositions to March 11 and 12, 2021.

22. On January 25, 2021, Plaintiff issued a Re-Notice of Deposition for Faith Antonio [Doc. 32]. Dammer still did not issue a notice for Geberth's deposition.

23. On March 2, 2021, the Court entered the Order Granting Motion to Withdraw as Counsel [Doc. 39], relieving Dammer from responsibility in the adversary proceeding.

24. On March 2, 2021, Antonio, now proceeding *pro se* in the adversary proceeding, contacted SolomonLaw about the depositions in the adversary case.

25. In this email exchange, SolomonLaw informed Antonio that it sought to reschedule Antonio and Geberth's depositions for some time in April. Antonio then informed SolomonLaw that she had surgery scheduled for early April. SolomonLaw requested dates for late April (after Antonio's recovery period), but never received a response.

**The Current Controversy**

26. On March 5, 2021, SolomonLaw emailed Antonio requesting deposition dates for Antonio's deposition, as well as for the depositions of several members of her family who have knowledge of Antonio's embezzlement. SolomonLaw also asked for Antonio to outline her concerns surrounding the potential depositions of Juan Miranda and Thomas McArthur.

27. On March 9, 2021, Antonio responded reiterating her unavailability in early April. SolomonLaw responded acknowledging Antonio's unavailability and asking whether Antonio would produce voluntarily members of her family. The conversation then deteriorated into a debate as to whether the witnesses had relevant testimony for the adversary proceeding or whether they were better suited to be deposed in the Injunction Case or in the Criminal Case.

28. The legal issues involving Antonio, Geberth, and Plaintiff are diverse. As such, relevant witnesses sometimes overlap. Antonio's family members have information related to both this adversary proceeding (knowledge and participation in the embezzlement) and in the Criminal Case (contacts between Geberth and Antonio). Other witnesses, including Thomas McArthur and Juan Miranda, would have limited knowledge of the embezzlement but would have knowledge of the allegations in the Criminal Case and the claimed harassment.

29. SolomonLaw admits that it contacted Antonio regarding depositions in both this adversary proceeding and in the Criminal Case in the same email exchange. However, that combination was intended to reduce SolomonLaw's contact with Antonio and to conduct both proceedings in a smooth and efficient manner.

30. In this adversary proceeding, Plaintiff seeks to depose Antonio, Cynthia Antonio (Antonio's mother), David Antonio (Antonio's father), Tabitha Gregor (Antonio's sister), David Antonio (Antonio's brother), as well as Antonio's adult children: Briana Antonio, Christien

Antonio, and Ethan Antonio. Not only do these individuals have strong relationships to Antonio, but certain documents uncovered during discovery indicate that these individuals have connections to Plaintiff and were involved in or knowledgeable about the embezzlement and fraud claimed in this adversary proceeding. For example, Antonio states in an email to Geberth that she was paying her brother, David Antonio, an undisclosed amount from Plaintiff's accounts.

31. Plaintiff is more than willing to work with Antonio and her family to identify deposition dates that reasonably accommodate Antonio's schedule, including all currently-scheduled medical procedures.

*/s/ Stanford R. Solomon*
Stanford R. Solomon
ssolomon@solomonlaw.com
Florida Bar No. 302147
Allison D. Thompson
athompson@solomonlaw.com
Florida Bar No. 0036981
**THE SOLOMON LAW GROUP, P.A.**
1881 West Kennedy Boulevard, Suite D
Tampa, Florida 33606-1611
(813) 225-1818 (Tel)
(813) 225-1050 (Fax)
Attorneys for **DGP PRODUCTS INC. D/B/A NUMERIC RACING**

## Certificate of Service

I hereby certify that I am admitted to the bar of this Court. I further certify that the foregoing **DGP PRODUCTS INC.'S RESPONSE TO ANTONIO'S MOTION FOR PROTECTIVE ORDER** was served either by CM/ECF transmission or standard first-class mail on March 17, 2021 upon:

Faith Elyzabeth Antonio
3564 Dove Hollow Ct.
Palm Harbor, FL 34683
Email: faithantonio.legal@gmail.com
***Pro Se* Defendant**

*/s/ Stanford R. Solomon*
Stanford R. Solomon