ORDERED.

**Dated: March 25, 2021**

Catherine Peek McEwen
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 8:20-BK-07637 |
| | ) | Chapter 7 |
| FAITH ELYZABETH ANTONIO, | ) | |
| | ) | |
| Debtor. | ) | |
| ____________________________________/ | ) | |
| DGP PRODUCTS INC., D/B/A NUMERIC RACING, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Adv. No. 8:20-ap-00537-CPM |
| | ) | |
| FAITH ELYZABETH ANTONIO, | ) | |
| | ) | |
| Defendant. | ) | |
| ________________________________/ | ) | |

**ORDER GRANTING IN PART DGP PRODUCT INC.'S**
**(1) AMENDED MOTION TO COMPEL TURNOVER OF DOCUMENTS RECEIVED PURSUANT TO AMENDED AGREED ORDER OVERRULING OBJECTIONS;**
**(2) MOTION TO COMPEL ANTONIO TO EXECUTE THE CONFIDENTIALITY AGREEMENT GOVERNING DISCOVERY IN THIS ADVERSARY PROCEEDING;**
**-and-**
**(3) MOTION TO AMEND AMENDED AGREED ORDER OVERRULING OBJECTIONS TO THIRD PARTY DISCOVERY [D.E. 46]**

This cause came before the Court on March 22, 2021 for consideration of the DGP Products, Inc.'s (1) Amended Motion to Compel Turnover of Documents Received pursuant to

Amended Agreed Order Overruling Objections; (2) Motion to Compel Antonio to Execute the Confidentiality Agreement Governing Discovery in this Adversary Proceeding; and (3) Motion to Amend Amended Agreed Order Overruling Objections to Third Party Discovery [D.E. 46]. Present before the Court was attorney Allison D. Thompson for DGP Products Inc. d/b/a Numeric Racing ("**Plaintiff**"), Faith Antonio ("**Defendant**"), and Samantha Dammer ("**Dammer**"), prior attorney for Defendant. The Court has heard argument and was otherwise fully advised in the premises.

It is hereby ADJUDGED as follows:

1. Defendant and Dammer shall immediately turn over all documents provided to them or produced through third party discovery to The Solomon Law Group, P.A. ("**SolomonLaw**").

2. The Amended Agreed Order Overruling Objections to Third Party Discovery ("**Discovery Order**") [D.E. 33] is effectively set aside. The Court hereby eliminates the requirement that third party discovery be sent to Defendant or to Dammer prior to their production to Plaintiff. Instead, all third party discovery shall be served directly to SolomonLaw. Any third-party discovery response(s) and/or documents provided to Dammer and/or Defendant shall immediately be turned over directly to SolomonLaw. Should Defendant and/or Dammer receive any future responses and/or documents related to third party discovery, Defendant and/or Dammer shall immediately turn over all responses and/or documents provided to them to SolomonLaw.

3. Discover, Credit One and Fed Ex Ground are directed to retransmit their responses to the Subpeona Duces Tecums served upon them to SolomonLaw directly.

4. There shall be no Confidentiality Agreement related to third party discovery sought by SolomonLaw.

5. All objections that Debtor has interposed or may have interposed to third party discovery served by Plaintiff have been withdrawn and shall be deemed to be waived and relinquished.

6. SolomonLaw agrees to create a One Drive folder which will include any and all third-party discovery received and will provide the link to Defendant for access to any and all third party discovery.

7. Plaintiff and Defendant are prohibited from contacting each other directly by telephone or e-mail.

8. The Court reserves jurisdiction to modify and to enforce this Order.

Attorney Stanford R. Solomon is directed to serve a copy of this order on interested parties who are non-CM/ECF users and file a proof of service within 3 days of entry of the order.