Filed
APR 09 2021
CLERK, US BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
Tampa DIVISION

4 Pages Scanned by DV

e-mail 4/9 @ 2:55pm

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:

| | |
|---|---|
| FAITH ELYZABETH ANTONIO,<br>Debtor | Case No. 8:20-bk-07637<br>Chapter 7 |
| DGP PRODUCTS INCS, DBA NUMERIC RACING<br>Plaintiff | Adversary Case No. 8:20-ap-00537-CPM |
| vs. | |
| FAITH ELYZABETH ANTONIO,<br>Defendant | |

**FAITH ELYZABETH ANTONIO'S RESPONSE IN OPPOSITION TO DGP PRODUCTS INC.'S MOTION TO OVERRULE DISCOVERY OBJECTIONS AND COMPEL PRODUCTION OF DOCUMENTS**

COMES NOW, Faith Elyzabeth Antonio ("Defendant") files her Response in Opposition to DGP Products Inc.'s Motion to Overrule Discovery Objections and Compel Production of Documents, and states as follows:

1. Plaintiff first served the Production Request and the Interrogatories on the Defendant via email on November 30, 2020.
2. Starting on December 10, 2020, the Plaintiff served Subpoenas on third parties for the same Production of Documents that were requested on the Defendant, (Docket. No 11, 12 15, 18, 21, 22).

3. The Plaintiff's actions within this proceeding have been unreasonably duplicative. F.R 26(b)(2)(C)(i) states that a court must "limit discovery if it determines that 'the discovery sought is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive.'"
4. Plaintiff failed to wait to obtain discovery from the opposing party before burdening third-parties with its Discovery requests.
5. On January 5, 2021, Defendant served her responses to both the Production Request and the Interrogatories.
6. On April 5, 2021, Plaintiff filed its Motion to Overrule Discovery Objections and Compel Production of Documents.
7. The Plaintiff waited three months after receiving Defendant's Responses to Interrogatories and Production of Documents. Fla. L.R. 26.1(h)(1) provides: All motions related to discovery, including but not limited to motions to compel discovery and motions for protective order, shall be filed within thirty (30) days of the occurrence of grounds for the motion. Failure to file a discovery motion within thirty (30) days, absent a showing of reasonable cause for a later filing, may constitute a waiver of the relief sought.
8. Furthermore, "Motions to compel must be brought in a timely manner." Pushko v. Klebener, No. 3:05-cv-211-J-25HTS, 2007 U.S. Dist. LEXIS 66223 (M.D. Fla. Sept. 7, 2007).
9. Before filing a motion to compel further disclosures or discovery pursuant to Rule 37(a), the aggrieved party must attempt to confer with the unresponsive party in an effort to

obtain the desired material without court action. All motions to compel must include a certification that such an effort has been made.

10. Plaintiff never made any mention or objections to the Defendant regarding her responses.
11. Plaintiff's Motion to Compel should be dismissed for failure to engage and certify that, prior to filing this motion, counsel for Plaintiff has contacted counsel for Defendant in a good faith effort to resolve the matters in Plaintiff's Motion pursuant to Fed. R. Civ. P. 37(a)(1).
    a. Fed. R. Civ. P. 37(a)(1) provides, in pertinent part: On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.
12. The Plaintiffs requests for all documents from Defendant's accounts are not reasonably particularized. According to the Florida Rules of Civil Procedure, a document request, whether a request for production or subpoena duces tecum, should be clear, concise, and reasonably particularized.
13. Plaintiff has already received document production related to these requests by third parties negating the need from production by the Defendant.
14. Plaintiff's Interrogatory requests (Interrogatory 8) for Defendant's personal social media accounts that are unrelated to the business of DGP Products, Inc. d/b/a Numeric Racing is overbroad and not used with particularity within the scope of this proceeding.

15. Plaintiff continues to refuse to provide evidence of an Employment Contract, Agreement, or any records reasonable to show this Court that its Complaint is valid and therefore, its use of Discovery is questionable.

WHEREFORE, based on the foregoing, the Defendant respectfully requests this Court should deny Plaintiff's Motion to Overrule Discovery Objections and deny Plaintiff's Motion to Compel as untimely.

Faith Elyzabeth Antonio
Pro Se/Defendant
Faithantonio.legal@gmail.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing copy has been filed and served by email on all parties in the proceeding on this April 9, 2021.

Faith Elyzabeth Antonio
Pro Se/Defendant
Faithantonio.legal@gmail.com