UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| In re:<br><br>FAITH ELYZABETH ANTONIO,<br><br>Debtor. | Case No: 8:20-BK-07637<br>Chapter 7 |
| DGP PRODUCTS INC., D/B/A NUMERIC RACING,<br>Plaintiff,<br><br>vs.<br><br>FAITH ELYZABETH ANTONIO,<br><br>Defendant. | Adversary Case No: 8:20-ap-00537-CPM |

**DGP PRODUCT INC.'S RESPONSE IN OPPOSITION TO**
**DEBTOR'S MOTION TO STRIKE EXPERT WITNESS**

DGP Products Inc. ("**Plaintiff**") hereby responds in opposition to Debtor's Motion to Strike Expert Witness [Doc. 128], filed on July 1, 2021.

1. On October 15, 2020, Plaintiff filed its Complaint under 11 U.S.C. §727(a)(2)(A), and 11 U.S.C. §523(a)(4) and §523(a)(6).
2. On October 28, 2020, former counsel for Debtor, Gino A. Megna ("**Megna**"), filed his Notice of Appearance and Request for Notice on Behalf of the Debtor [Doc. 4].
3. On October 28, 2020, Debtor filed an Answer to Complaint [Doc. 5].
4. On October 30, 2020, a Notice of Pretrial/Status Conference was docketed setting the pre-trial conference for December 7, 2020 [Doc. 6].
5. On November 17, 2021, pursuant to Fed. R. Civ. P. 26(h) which requires a meeting of the parties at least 14 days prior to the initial status or pretrial conference, Megna and counsel

for DGP met to discuss (1) the parties' respective claims and defenses, (2) the possibility of settlement, (3) the initial disclosures required by Fed. R. Civ. P. 26(g), and (4) the discovery plan required by Fed. R. Civ. P. 26(f).

6. On November 19, 2020, counsel for the parties filed the Joint Discovery/Case Management Plan [Doc. 9].

7. The Joint Discovery/Case Management Plan identified DGP's ***anticipated*** designation of experts and reports, and Debtor's timetable for designating responsive experts and providing their reports as follows:

> DGP plans to retain several experts, including a forensic accountant, a bookkeeper/account manager, expert, computer technology expert, software program expert, and banking expert. DGP's expert reports will be produced to [Debtor] by February 15, 2021 ***ASSUMING THAT PRODUCTION FROM THIRD PARTIES CAN BE ACCOMPLISHED IN A TIMELY MANNER***. [Debtor]'s expert reports must be produced to DGP by March 15, 2021. Any related report by DGP's experts must be produced by March 31, 2021. Expert depositions to be completed by April 30, 2021.

*Emphasis added*.

DISCOVERY

8. On November 30, 2020, Plaintiff served by email a Request for Production and an initial set of Interrogatories.

9. Between December 11, 2020 and June 25, 2021, DGP dutifully served numerous discovery requests to Debtor and numerous Subpoenaes Duces Tecum directed to third parties believed to have relevant, discoverable information, but Plaintiff still ***does not*** have nearly all of the discovery it required to present to the Court the scope and breadth of the fraud and embezzlement that exists. At the inception of this case, the number of transactions and

account changes effected and engineered by Debtor was unknown and has required more discovery than could reasonably have been anticipated.

10. On December 21, 2020, successor counsel for Debtor, Samantha L. Dammer ("**Dammer**") filed her Amended Answer to Complaint [Doc. 17].

11. On December 28, 2020, DGP filed its Motion to Strike Amended Affirmative Defenses.

12. On January 5, 2021, Debtor served her responses to both the Production Request and the initial set of Interrogatories. Both responses contained frivolous objections promises that Debtor would provide to Plaintiff the documents requested.

13. On January 6, 2021, Debtor provided some documents in response to the Production Request; however, the documents provided by Debtor do not coincide with the documents that Debtor promised to produce.

14. On January 13, 2021, the Court entered an Order Granting in Part and Denying in Part Motion to Strike Amended Affirmative Defenses [Doc. 26].

15. On April 5, 2021, Plaintiff filed its Motion to Overrule Discovery Objections and Compel Production of Documents [Doc. 80] (the "**Discovery Motion**").

16. On May 26, 2021, the Court entered an Order Granting in Part the Discovery Motion (the "**Order**") [Doc.108]. The Order directed Debtor to turnover the items contained in Plaintiff's First Request for Production—number 42, denied Plaintiff's request for loan documents and payment records for loans obtained from Affirm.com solely because Debtor denied that she had access to them. The Court further directed the parties to meet and confer during the week of May 24, 2021 to resolve the remaining issues raised in Plaintiff's Discovery Motion.

17. DGP pushed forward diligently with discovery, despite Debtor's non-compliance and abject refusal to cooperate. As a result of incomplete discovery, DGP does not have a complete forensic report available.

18. On May 27, 2021, pursuant to the Order the undersigned counsel contacted Debtor to schedule the meet and confer via Zoom. To accommodate Debtor's request, the undersigned agreed that the meet and confer would instead take place via email rather than Zoom.

19. Between June 2, 2021 and June 15, 2021, the undersigned communicated via email with Debtor regarding her objections.

20. On June 15, 2021, Debtor advised the undersigned via email that "[m]y responses to your requests, interrogatories and such, stands as submitted". Based on this, a ruling on Debtor's objections to the Interrogatories and the Production Request is required.

21. Additionally, Debtor failed to provide the Amazon records required pursuant to the Order.

22. On June 21, 2021, DGP filed it Amended Notice Advising Court of Inability to Reach Agreement at Meet and Confer [Doc. 118].

23. On June 28, 2021, this Court heard argument regarding discovery and is in the process of entering yet another order requiring Debtor to provide documents in response to the request for her Amazon account information.

24. To date, DGP is still waiting to receive from Debtor missing documents and is still waiting to receive documents to be produced by third parties.

25. It is overwhelming clear that, despite DGP's diligent efforts, DGP has been unable receive discovery in the ***timely manner*** that was anticipated in the Joint Discovery/Case Management Plan.

## TRIAL ORDER

26. On March 3, 2021, the Court entered the Order Scheduling Trial [Doc. 44], scheduling trial for August 30, 2021 and setting forth trial deadlines pursuant to Fed. R. Civ. P 26(a)(3). The Scheduling Order requires DGP and Debtor to exchange names, telephone numbers, and addresses for witnesses, and any designations of depositions at least **28 days before trial.** As a condition to using expert testimony at trial, the Scheduling Order further requires that parties must comply with Fed. R. Civ. P. 26(a)(2) no later than **28 days before trial**.

## MEMORANDUM OF LAW

Debtor asserts inaccurately that DGP has failed to comply with rule 26(a)(2)(D). Under rule 26(a)(2)(D), "[a] party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made at least 90 days before the date set for trial or for the case to be ready for trial. *Deperi v. Mayo Clinic Jacksonville*, No. 3:19-cv-1418-HES-JRK, 2021 U.S. Dist. LEXIS 35614, at *1 (M.D. Fla. Feb. 25, 2021).

Debtor fails to read the Scheduling Order in conjunction with rule 26(a)(2)(D), which provides that, *absent* a stipulation **or court order**, disclosures must be made at least 90 days before trial. Because the Scheduling Order clearly designates that the expert witness must be disclosed 28 days before trial—that date is the applicable deadline by which DGP must supply the expert disclosures. Under the Scheduling Order, that deadline is August 2, 2021.

Because Debtor did not properly calculate the deadline for expert disclosures, DGP need not address the drastic relief sought by Debtor to include striking DGP's witness. However, even if DGP had been untimely, a party's failure to make timely expert disclosures is harmless if that party shows there is no prejudice to the party entitled to receive disclosure. *Lamonica v. Hartford Ins. Co. of the Midwest*, 336 F.R.D. 682, 685 (N.D. Fla. 2020), *quoting Hewitt v. Liberty Mut. Grp., Inc.*, 268 F.R.D.

681, 682 (M.D. Fla. 2010). In *Bodden v. Cole*, No. 3:11-cv-127-J-20MCR, 2012 U.S. Dist. LEXIS 1811 (M.D. Fla. Jan 6., 2012), the court recognized that even if an expert disclosure stipulation is made by the parties in their case management report, the rules contemplate that the court's Rule 16 scheduling order controls over the proposal of the parties in their Rule 26(f) report. *Id.*

WHEREFORE, this Court should deny Debtor's Motion to Strike Expert Witness.

*/s/ Allison D. Thompson*
Stanford R. Solomon
ssolomon@solomonlaw.com
Florida Bar No. 302147
Allison D. Thompson
athompson@solomonlaw.com
Florida Bar No. 36981
**THE SOLOMON LAW GROUP, P.A.**
1881 West Kennedy Boulevard, Suite D
Tampa, Florida 33606-1611
(813) 225-1818 (Tel)
(813) 225-1050 (Fax)
Attorneys for **DGP PRODUCTS INC. D/B/A NUMERIC RACING**

## Certificate of Service

I hereby certify that I am admitted to the bar of this Court. I further certify that the foregoing **DGP PRODUCT, INC.'S RESPONSE IN OPPOSITION TO DEBTOR'S MOTION TO STRIKE EXPERT WITNESS** was filed through the CM/ECF system and served by e-mail and standard first-class mail on July 7, 2021 upon:

Faith Elyzabeth Antonio, Debtor
3564 Dove Hollow Ct.
Palm Harbor, FL 34683
Email: faithantonio.legal@gmail.com
***Pro Se***

*/s/ Allison D. Thompson*
Allison D. Thompson
athompson@solomonlaw.com
Florida Bar No. 36981