IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
OF THE STATE OF FLORIDA, PINELLAS COUNTY

FAITH ELYZABETH ANTONIO,

Plaintiff, Case No. 20-002405-FD

vs.

DANIEL ALAN HILTON GEBERTH,

Defendant.

______________________________/

PROCEEDINGS: Injunction Hearing (continuation)

DATE: July 1, 2021

BEFORE: The Honorable Brian Gnage
Circuit Court Judge

PLACE: Pinellas County Justice Center
14250 49th Street North
Clearwater, Florida 33762
(727) 464-8700

TRANSCRIBER: Debra Price
Digital Transcriber

Administrative Office of the Courts
Digital Court Reporting Department
Pinellas County Justice Center
14250 49th Street North, Ste # 2000
Clearwater, Florida 33762
(727) 453-7474

A P P E A R A N C E S

(All present by video or telephone)

APPEARING ON BEHALF OF THE STATE OF FLORIDA:
Karen L. McHugh, Esquire
Community Action Stops Abuse (CASA)
1101 1st Avenue, North
Saint Petersburgh, Florida 33705-1505

APPEARING ON BEHALF OF THE DEFENDANT:
Stanford R. Solomon, Esquire
Victoria Cruz-Garcia, Esquire
The Solomon Law Group, P.A.
1881 West Kennedy Boulevard
Suite D
Tampa, Florida 33606-1611

Richey ten minutes from Daniel.

Q And why were you, on February 4th, two days before the hearing before Judge Hamilton, entering Mr. Geberth's subdivision?

A I was not. Do you realize his accusations? I didn't even have that car. My car was broken down. I didn't even have that car in my possession, or when I --

Q When --

A -- ended the relationship, I got rid of that sticker, so --

Q And you -- you -- you bought a gun on -- on January 1st, 2020; did you not?

A No.

Q You -- I'm sorry. January 7th of 2020?

A No.

Q Did you buy a gun in January of 2020?

A My son did.

Q At Reload?

A So are you going through my statements now from my financial statements; and this is exactly how I said that I'm fearful because now that he knows that he's tracking me from my financial statements, and you just proven me.

Q Did you -- did you buy a gun on January 7th, 2020, at Reload?

A No, my sons did.
Q How old are your sons?
A 21.
Q And were they 21 when they bought the gun?
A No.
Q Who bought the gun for them?
A What does this pertain to?
Q Who bought the gun for your son on January 7th, 2020, at Reload?
A My sons bought the gun.
Q They couldn't buy it because they were under age, correct?
A Correct, but it's their money.
Q You bought it for them --
A No, it came --
Q -- while they were underage?
A -- from their money. It came from them.
Q Underage you let them buy a gun on January 7, 2020, at Reload?
A Same as Daniel Geberth has done for his daughter.
Q Well, that wasn't my question, though. Is the answer to my question, yes?
MS. MCHUGH: Judge, I'm going to object to the relevancy.

THE COURT: All right. And what's the relevancy?

MR. SOLOMON: Well, she's complaining about the guns.

THE WITNESS: Yes, I'm complaining that you're going through my financial statements. That's upsetting to me because --

THE COURT: Hold on, hold on.

THE WITNESS: -- it just proves --

THE COURT: Ms. Antonio, Ms. Antonio, I understand on some cases you represent yourself. On this case, you have an attorney and your attorney makes the legal arguments.

All right. So the objection was relevancy, and Mr. Solomon, you were responding.

MR. SOLOMON: She's complaining about guns, and I want to show her lack of credibility, Your Honor.

THE COURT: Well, you can be fearful of guns and purchase guns yourself. I don't think that's inconsistent to be afraid of another individual having guns and you have guns yourself.

MR. SOLOMON: I want to put that into evidence, Your Honor, and then you can make your own conclusion. I haven't completed the line of questioning.

THE COURT: All right. So I don't -- whether or not she assisted her child in purchasing a gun, or she purchased a gun recently, the Court does not find it's relevant to these proceedings. Okay. We'll sustain the objection --

Q (By Mr. Solomon) Did you deny --

THE COURT: -- as to relevancy.

Q (By Mr. Solomon) Did you deny owning a gun at the 341 meeting in the bankruptcy case?

A I did not own a gun.

Q Because your sons did?

A If you read the laws, my sons, I can -- if -- if --

Q Is that because --

A If it's in my possession --

Q -- your sons --

A -- a gun can be transferred from one person to another. They're above the age of 18 years old. Legally, they can have a gun.

Q When did they turn of the legal age to own a gun? Before or after the 341 meeting?

A The gun has been transferred in their name, sir, and was --

Q Did you --

A -- in their possession --

Q Did you do that --

A The money was transferred from their accounts. There's an account due from it.

Q Did you do it before --

A I see it as --

Q -- or after -- ma'am, my question was did you do it before or after --

MS. MCHUGH: Judge, I'm going to object. This is --

Q (By Mr. Solomon) -- the 341 meeting?

MS. MCHUGH: -- improper impeachment.

THE COURT: All right. So --

Q (By Mr. Solomon) Did you do it --

THE COURT: -- the objection is improper impeachment. Response?

MR. SOLOMON: I don't understand the objection. You can't buy a gun until you're 21, and I asked whether or not she did that before or after the 341 creditor's meeting.

THE COURT: All right. So I've already -- I've already sustained relevancy. Is this line of questioning regarding owning of a gun by either her or her -- or her sons, so I'll sustain the objection.

Q (By Mr. Solomon) Have you ever seen any of Mr. Geberth's guns since November 2019?

CERTIFICATE OF COURT REPORTER

STATE OF FLORIDA
COUNTY OF PINELLAS

I, Jean Booras, a digital transcriber for the Sixth Judicial Circuit, do hereby certify that I was authorized to and did transcribe the foregoing proceedings and that the transcript is a true and correct record of said proceedings.

DATED this 9th day of August, 2021.

Jean Booras, -
Digital Transcriber
Sixth Judicial Circuit