ORDERED.

**Dated:  September 27, 2021**

Catherine M. Ewen
Catherine Peek McEwen
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re                                                                Case No. 8:20-bk-07637-CPM

Faith Elyzabeth Antonio.                                          Chapter 7

        Debtor.
_____/

DGP Products, Inc.
d/b/a Numeric Racing,

        Plaintiff,
v.                                                                   Adv. Proc. No. 8:20-ap-00537-CPM

Faith Elyzabeth Antonio,

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION
<u>TO STAY CASE AND DISQUALIFY OPPOSING COUNSEL</u>**

THIS PROCEEDING came on for consideration of the Defendant's Motion to Stay

Case and Request for Disqualification Due to Unethical Conduct (the "Motion") (Doc. 294).

Some of the allegations in the Motion involve disputed facts (e.g., who created certain entries in

electronic platforms) that are the subject of the trial (the "Trial") scheduled for November 12, 16,

17, 18, and 19.  Although the Defendant complains in the Motion to have already been found guilty, this is simply not true.  Lawsuits naturally involve allegations against opposing parties, and the very purpose of conducting a trial is to determine if those allegations can be proved.  At the trial, the Plaintiff will bear the burden of proving up its allegations and the Defendant will have the opportunity to prove her defenses.  The Court notes also that many of the allegations in the Motion relate to proceedings that took place in state court.  The Defendant may bring her grievances as to such conduct in that case.

With respect to assertions in the Motion concerning a state court injunction and the Defendant's purported concern for her safety, this Court has consulted with the state court judge and has made several accommodations to safeguard the Debtor during the upcoming depositions. This Court's order (the "Order") (Doc. No. 253) entered on August 19, 2021, explains that the Court has appointed attorneys with Stichter, Riedel, Blain & Postler, P.A., to be present at each deposition to serve as a neutral Observer (as described in the Order).  The Order also directs appropriate physical distancing between the parties.  In addition, onsite Court Security Officers will be patrolling the area where the depositions will take place.  That said, the Defendant has the right to cancel her own depositions of the Geberths.  However, based on the precautions just described, the Court finds that the Defendant has no *valid* concerns for her safety and, therefore, the Court will not stay the Plaintiff's deposition of the Defendant.  Further, the Court finds no basis for disqualifying Stanford Solomon or the Solomon Law Group for conduct before this Court that amounts to making overly broad discovery requests or based on allegations of spoliation of evidence that are not yet ripe for determination.

Finally, with respect to alleged discovery violations, the Defendant has had ample opportunity to air her grievances in Court and has, in fact, raised discovery disputes on multiple occasions.  Many such grievances, including discovery requests that she has argued are overbroad,

burdensome, and/or irrelevant have already been resolved in her favor.  Yet she continues to raise them.  As to allegedly unproduced discovery, the Defendant may file a motion to compel, identifying any specific requests that she asserts she has made and with which the Plaintiff has failed to comply.  With regard to the spoliation allegation, the Court notes that the documents attached to the Motion in support of such allegation are not authenticated.  Nor are they comprehensible without a records custodian's explanation.  Moreover, the Court has already deferred ruling on the spoliation issue pending a proffer of suspect evidence at trial.

Accordingly, it is

**ORDERED:**

1.      The Motion is denied as stated below.

2.      The Court denies the request to stay the proceeding.

3.      The Plaintiff's deposition of the Defendant scheduled for September 30, 2021, and October 1, 2021, will go forward based on the Court's finding that the Defendant has no *valid* concern for her safety given the precautions the Court has put in place as described above.

4.      The Motion cancels the depositions of Daniel and Aspen Geberth scheduled for September 28, 2021.

5.      The Defendant may file a motion to compel any discovery she believes the Plaintiff has wrongly withheld.

6.      The Court will not disqualify Stanford Solomon or the Solomon Law Group.  If the Defendant has concerns with the firm's conduct before the state court, she must raise her concerns there.

The Clerk is directed to serve a copy of this order on the Debtor.  Otherwise service shall be by CM./ECF only.