ORDERED.

Dated: September 28, 2021

*Catherine M. Ewen*
Catherine Peek McEwen
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re | Case No. 8:20-bk-07637-CPM |
| Faith Elyzabeth Antonio. | Chapter 7 |
| Debtor. / | |
| DPG Products, Inc. d/b/a Numeric Racing, | |
| Plaintiff, v. | Adv. Proc. No. 8:20-ap-00537-CPM |
| Faith Elyzabeth Antonio, | |
| Defendant. / | |

### ORDER ON DEFENDANT'S STATEMENT OF NON-CONSENT TO FINAL ORDERS AND JUDGMENTS

THIS PROCEEDING came on for consideration of the Defendant's Statement of Non-Consent to Final Orders and Judgments (the "Statement") (Doc. No. 232). In the Statement,

the Defendant, Faith Antonio, states that the current proceeding is not a core proceeding under 28 U.S.C. § 157 and, therefore, the Court may not enter a final order or judgment in this proceeding absent the consent of the parties. The Defendant asserts in the Statement that she does not consent. In addition, Defendant states that she demanded a jury trial in a related state court action and that she would be prejudiced if the matters at issue were not decided by a jury.

This proceeding in action to deny the Defendant a discharge under 11 U.S.C. § 727(a)(2)(A) and for a determination of nondischargeability under §§523(a)(4) and 523(a)(6). Section 157 defines "[c]ore proceedings" as including "objections to discharges" and "determinations as to the dischargeability of particular debts." *See* Complaint (Doc. No. 1). Therefore, this proceeding is, without question, a core proceeding. 28 U.S.C. § 157(b)(2)(I) and (b)(2)(J). In her Answer, the Defendant admitted to the allegation in the Complaint at paragraph 4 that this is a core proceeding under 28 U.S.C. § 157(b)(2) to determine dischargeability of particular debts. *See* Answer (Doc. No. 5). In response to the allegation in the Complaint at paragraph 5 that "[t]o the extent the Court determines that this matter is not a core proceeding, DGP consents to the Court's exercise of jurisdiction to enter a final judgment herein," the Defendant responded "Denied. Defendant demands strict proof." Thus, the denial applied only in the event the Court were to determine this matter is "not a core proceeding," which determination this Court never made.

In any event, inasmuch as the Statement seeks a determination regarding the Court's authority to enter final orders and judgment, it comes far too late. Local Rule 7001-1(k)(6) requires that a party seeking such determination file a motion no later than the date for filing a response to the complaint. This rule further states that "[a] party who fails to timely file such

a motion is *deemed to have consented to the Bankruptcy Court's entry of final orders and judgments in the proceeding.* (Emphasis added.)

Further, under Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, a responsive pleading shall include a statement that the party does or does not consent to entry of final orders or judgment by the bankruptcy court. The Defendant's Answer includes no such statement.

With respect to a demand for a jury trial, regardless of whether the Defendant filed such demand in a related state court proceeding, no such demand was made here. Rule 9015, Federal Rules of Bankruptcy Procedure, provides that a demand for jury trial, if applicable, must be made in accordance with certain Federal Rules of Civil Procedure, including Rule 38(b), which in turn requires that such demand be made by serving a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served. *See also* Local Rule 9004-1(b) (requiring that if demand for jury trial is contained within a pleading, the title of the pleading must include the words "Demand for Jury Trial" or the equivalent).

According, it is

**ORDERED:**

1. The Debtor is deemed to have consented to this Court's authority to enter final orders and judgments.

2. To the extent that a jury trial might have been available to the Defendant in this proceeding, she failed to make a timely request for the same.

The Clerk is directed to serve a copy of this order on the Defendant..