UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| IN RE:<br><br>FAITH ELYZABETH ANTONIO,<br><br>Debtor. | ) | Case No: 8:20-BK-07637<br>Chapter 7 |
| DGP PRODUCTS INC. D/B/A NUMERIC RACING,<br>Plaintiff,<br><br>vs.<br><br>FAITH ELYZABETH ANTONIO,<br><br>Defendant. | ) | Adversary Case No:<br>8:20-ap-00537-CPM |

**DGP PRODUCTS INC.'S**
**MOTION TO STRIKE DEFENDANT'S UNTIMELY MOTION TO DISMISS**
**[DOC# 298]**

DGP Products Inc. d/b/a Numeric Racing ("**DGP**") files this Motion to Strike Defendant's Untimely Motion to Dismiss {Doc# 298] filed by Faith Elyzabeth Antonio ("**Debtor**").

In support, DGP states as follows:

## PROCEDURAL HISTORY

1. On April 2, 2020, DGP initiated Case No. 20-CA-000889 (Fla. 6th Jud. Cir. Ct. 2017) (the "**State Court Case**") alleging civil theft, fraudulent misrepresentation, unjust enrichment, and conversion. On October 7, 2020, DGP filed an Amended Complaint alleging civil theft, conversion, unjust enrichment.

2. On October 13, 2020, Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, causing the stay of the State Court Case, the night before Debtor's scheduled deposition [Doc# 1].

3. On October 15, 2020, DGP filed its Complaint against Debtor to Determine Non-Dischargeability of debt owed to DGP in Case No: 8:20-ap-00537-CPM (the "**Complaint**") [Doc# 1]. This claim is ongoing and discovery is not complete.

4. On October 28, 2020, Debtor filed her first responsive pleading, namely her Answer to Complaint [Doc# 5]. Debtor asserted eight affirmative defenses.

5. On November 19, 2020, DGP filed a Motion to Strike Affirmative Defenses (the "**Motion to Strike AD**") [Doc# 7].

6. On December 21, 2020, Debtor filed her Amended Affirmative Defenses [Doc# 17] asserting seven new affirmative defenses.

7. On December 28, 2020, DGP filed a Motion to Strike Amended Affirmative Defenses (the "**Motion to Strike Amended AD**") [Doc# 20].

8. On January 13, 2021, this Court entered its Order granting in part DGP's Motion to Strike Amended AD [Doc# 26]. Debtor's **First** (Consent), **Fourth** (Setoff), and **Sixth** (Dismiss Count III) affirmative defenses were allowed and all other remaining affirmative defenses were either withdrawn or stricken.

9. On March 31, 2021, Debtor then filed her Motion for Leave to File Second Amended Affirmative Defenses [Doc# 75} to assert seventeen affirmative defenses.

10. On May 21, 2021, the Court denied in part Debtor's Motion for Leave to File Second Amended Affirmative Defenses [Doc# 103]. The Court held that Debtor's **First**

(Consent), **Fourth** (Setoff), **Seventh** (Lack of Fiduciary Duty), **Twelfth** (Failure to Comply with Condition Precedent), **Thirteenth** (Status of Limitations), and **Fifteen** (Preservation of Evidence/Spoliation) affirmative defenses were allowed and all other remaining affirmative defenses were stricken.

11. On September 17, 2021, the Court entered an Order Granting DGP's Motion to Strike AD. All eight affirmative defenses were stricken and Debtor had fourteen (14) days to replead her affirmative defenses.

12. To date, Debtor has not replead her affirmative defenses.

13. On September 28, 2021, Debtor filed Defendant's Motion to Dismiss seeking to dismiss the Complaint pursuant to Rule 12 (b).

14. Debtor provides a laundry list of incomprehensible "arguments" in support of the dismissal of the Complaint.

15. It appears that Debtor is now claiming:

(a) Lack of subject-matter jurisdiction;

(b) Lack of personal jurisdiction;

(c) Improper venue; and

(d) Failure to state a claim upon relief can be granted.

A motion asserting any of these defenses must be made before pleading (before the responsive pleading is filed). Rule 12 (b).

16. Debtor already responded to the Complaint almost a year ago. Debtor's arguments as to why the Complaint should be dismissed should have been asserted before filing her responsive pleading. Debtor failed to do so.

17. To now argue these defenses on the eve of trial is a waste of the Court's time. Debtor's Motion to Dismiss is untimely and should be stricken.

18. Debtor has continued to file meritless motions which have not only caused unnecessary litigation and delays in this matter, but also caused DGP to continue to incur in an extraordinary amount in attorneys' fees and costs in defending the numerous filings made by Debtor.

19. DGP is obligated to pay its attorneys reasonable fees for services rendered in connection with this proceeding.

20. This Court should strike the Motion to Dismiss and hold Debtor responsible for the payment of DGP's attorneys' fees and costs.

**WHEREFORE,** DGP requests that the Court:

(a) strike Debtor's Motion to Dismiss as untimely;

(b) award to DGP its attorneys' fees and costs; and

(c) grant any other relief this Court deems just and appropriate.

*/s/ Stanford R. Solomon*
Stanford R. Solomon
ssolomon@solomonlaw.com
Florida Bar No. 302147
**THE SOLOMON LAW GROUP, P.A.**
1881 West Kennedy Boulevard, Suite D
Tampa, Florida 33606-1611
(813) 225-1818 (Tel)
(813) 225-1050 (Fax)
Attorneys for **DGP PRODUCTS INC. D/B/A NUMERIC RACING**

## Certificate of Service

I hereby certify that I am admitted to the bar of this Court. I further certify that the foregoing **DGP PRODUCTS INC.'S MOTION TO STRIKE DEFENDANT'S MOTION TO DISMISS** was filed through the CM/ECF system and served by e-mail and standard first-class mail on October 14, 2021 upon:

Faith Elyzabeth Antonio
3564 Dove Hollow Ct.
Palm Harbor, FL 34683
Email: faithantonio.legal@gmail.com
***Pro Se* Defendant**

*/s/ Stanford R. Solomon*
Stanford R. Solomon
ssolomon@solomonlaw.com
Florida Bar No. 302147
**THE SOLOMON LAW GROUP, P.A.**
1881 West Kennedy Boulevard, Suite D
Tampa, Florida 33606-1611
(813) 225-1818 (Tel)
(813) 225-1050 (Fax)
Attorneys for **DGP PRODUCTS INC. D/B/A NUMERIC RACING**