Filed
OCT 18 2021
CLERK, US BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
Tampa DIVISION
5 Pages Scanned by EM

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Via Email

IN RE:

| | |
|---|---|
| FAITH ELYZABETH ANTONIO,<br>Debtor | Case No. 8:20-bk-07637<br>Chapter 7 |
| DGP PRODUCTS INCS, DBA NUMERIC RACING<br>Plaintiff | Adversary Case No. 8:20-ap-00537-CPM |
| vs. | |
| FAITH ELYZABETH ANTONIO,<br>Defendant | |

**EXPEDITED MOTION FOR CONSIDERATION**

**ANTONIO'S RESPONSE TO ORDER TO SHOW CAUSE AND MOTION TO STRIKE PLAINTIFF'S NOTICE ADVISING COURT OF AUDIO RECORDINGS OR PROCEEDINGS POSTED ON SOCIAL MEDIA (Doc. No. 312)**

**COMES NOW,** Faith Elyzabeth Antonio ("Antonio"), pro se, and respectfully files her Response to this Court's Order to Show Cause and requests this Court to Strike Plaintiff's Notice Pursuant to Federal Rule of Civil Procedure 12(f) and states as follows:

**PROCEDURAL HISTORY**

1. On October 1, 2021, the Transcript of the Proceeding held on May 24, 2021, was removed from viewing restrictions (Doc. No 131).
2. On October 1, 2021, Plaintiff filed Notice Advising Court of Audio Recordings of Proceedings Posted on Social Media.

3. On October 1, 2021, this Court Ordered Defendant to Show Cause Why the Court Should Not Impose Sanctions against the Defendant for Allegedly Broadcasting on Social Media a Recording of a Court Proceeding (Doc. No. 320).
4. The hearing on this Court's Show Cause Order is set to be heard today, on October 18, 2021 which Debtor will appear with assistance due to disability.

**ARGUMENT**

5. The Motion practice and granting of Plaintiff's Motions the same day without giving Defendant an opportunity to respond under the guidelines of Rule 27 and violates Debtor's Procedural Due Process Clause of the Fifth Amendment.
6. Plaintiff alleges that Debtor was posting several videos on Tik Tok during the time she was scheduled to appear at her deposition.
7. Plaintiff alludes that this activity was created during the time that Debtor were to appear at scheduled depositions and has made this Court to believe that it was not in existence prior to the time Plaintiff made its Notification to this Court.
8. Plaintiff makes this allegation directing no evidence that Antonio was the individual or entity that had posted the content.
9. Plaintiff alleges Debtor had posted several videos regarding the litigation involving DGP in this proceeding to a YouTube channel.
10. Plaintiff's allegations are without merit and falsely allude that Debtor was recording and broadcasting videos of Court proceedings and against Florida Middle District Local Rule 5.01.
11. Plaintiff alleges that a website, www.stopthisabuse.com as owned by Debtor and holds that linked to a YouTube channel.

12. Plaintiff filed this Notice of Advisement to this Court attacking the Defendant with deceitful information to prejudice the Court against her.
13. Plaintiff has known of Debtor's social media postings of voicemails that she had received and introduced during the April 22, 2020, Injunction Court Action that is now public record.
14. This same content posted on TikTok as early as December 16, 2020, and was referenced in the Injunction Court Action by Plaintiff during the Motion to Dissolve Injunction hearing held on February 26, 2021.
15. The use of a digital audio recording was in no way, shape, or form casted in a negative light against this Court, but was used in context showing the reality and mental health concerns of litigants in judicial proceedings and in line with Mental Health Awareness Month, which Debtor continues and suffers from CPTSD from Plaintiff's actions in the Injunction Court Action. If anything, posting Debtor's mental breakdown would cause her own embarrassment in the public forum and not of any other individual.
16. Judicial Terrorism, also known as Litigation Abuse[1] is currently a topic of legislative reform that Debtor is a speaker of such topic in support forums regarding Domestic Violence.
17. Furthermore, Plaintiff, its principal, nor its counsel has communicated with Antonio about this content, which has existed for almost a year.
18. Antonio has not violated the local rules of the Middle District of Florida pertaining to Broadcasting, Recording, and Photographing and has not personally or has any individual

[1] ABUSIVE LITIGATION: WHEN YOUR ABUSER EXPLOITS THE LEGAL SYSTEM https://www.legalvoice.org/abusive-litigation

on her behalf recorded any of the hearings in person or during remote sessions and broadcasted as such within the meaning of this Rule.

19. Directing the trier of fact to view social media postings prejudices Antonio and creates a question of impartiality and bias towards Antonio.

20. Plaintiff continues to make false allegations to this Court and against Antonio and has successfully, in the eyes of Antonio, created bias or an opinion of a deceitful litigant, which is furthest from the truth.

21. As the public has access to these same court records through PACER just as litigants in a trial have the right of access.

22. Debtor sincerely apologizes to this Court if in any manner has been implied by Plaintiff, Debtor did not intentionally or knowingly violate any rules of the Court.

23. Debtor has removed any audio of this Court's proceedings as requested.

**LEGAL STANDARD**

The U.S. Supreme Court has held that speech on the internet is subject to no greater or lesser constitutional protection than speech in more traditional media. The general rule in the case law is that speech that is broadcast to a broad audience is less likely to be a "true threat," not more. United States v. Carmichael, 326 F. Supp. 2d 1267, 1270, 2004 U.S. Dist. LEXIS 13675.

The First Amendment protects vehement, caustic, and sometimes unpleasantly sharp attacks as well as language that is vituperative, abusive, and inexact. Further, the First Amendment protects such speech even when it is designed to embarrass or otherwise coerce another into action. Thus, threats of vilification or social ostracism are protected by the First Amendment and outside the reach of 18 U.S.C.S. § 1512. It is only when speech crosses the line

separating insults from "true threats" that it loses its First Amendment protection. United States v. Carmichael, 326 F. Supp. 2d 1267, 1270, 2004 U.S. Dist. LEXIS 13675.

The filing of this unsupported notice is improper on its face, and should be stricken from the record.

**WHEREFORE,** Faith Elyzabeth Antonio, respectfully moves this Court to Stike Plaintiff's notice (Doc. No. 312) and absolve her from any alleged wrongdoing as protected under her First Amendment Right.

**Dated:** October 18, 2021

Faith Elyzabeth Antonio
**Defendant/Pro Se**
Faithantonio.legal@gmail.com
3564 Dove Hollow Ct
Palm Harbor, FL 34683

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing copy has been filed and served on the Solomon Law Group by email at ssolomon@solomonlaw.com and Laura Murfee (legal assistant) lmurfee@solomonlaw.com on behalf of DGP Products, Inc. in the proceeding on October 18, 2021.

Faith Elyzabeth Antonio
**Defendant/Pro Se**
Faithantonio.legal@gmail.com
3564 Dove Hollow Ct
Palm Harbor, FL 34683