ORDERED.

**Dated: November 15, 2021**

Catherine Peek McEwen
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:

Faith Elyzabeth Antonio,

Case No. 8:20-bk-07637-CPM
Chapter 7

Debtor.
_______________________________________/

DGP Products Inc. d/b/a Numeric Racing,

Plaintiff,

Adv. No. 8:20-ap-00537-CPM

vs.

Faith Elyzabeth Antonio,

Defendant.
_______________________________________/

**ORDER DENYING AS MOOT AND WITHOUT PREJUDICE DEFENDANT'S MOTION FOR ORDER FOR PLAINTIFF TO PRODUCE BRAD KANTER FOR DEPOSITION WITHOUT PREPAYMENT OF FEES**
(Doc. No. 379)

THIS PROCEEDING was considered at a hearing on November 10, 2021, on Defendant's Motion for Order for Plaintiff to Produce Brad Kanter for Deposition without Prepayment of Fees Pursuant to [Fed. R. Civ. P.] 26(b)(4)[E] (Doc. No. 379) (the "Motion"); and the Plaintiff's opposition to the Motion (Doc. No. 391). For the reasons that follow, the Motion is denied as moot and is further denied without prejudice to Defendant's seeking to avoid advance payment of

Mr. Kanter's fees (or indeed waive payment altogether based upon "manifest injustice" as provided under Fed. R. Civ. P. 26(b)(4)(E)).[1]

After discussion with the parties, it was agreed that Defendant would notice Mr. Kanter's deposition by Zoom at a date and time to be determined. Plaintiff agreed to cover Mr. Kanter's fees in preparing for the deposition and for the first hour thereof. Although Defendant believed she could complete Mr. Kanter's deposition within one hour, Defendant understood and expressly agreed that she would be responsible for any additional fees due Mr. Kanter should the deposition exceed one hour or should she seek to depose Mr. Kanter for a second time (subject to future request to waive those fees based upon "manifest injustice" under Fed. R. Civ. P. 26(b)(4)(E)).

Because it is understood and agreed that Defendant's deposition of Mr. Kanter is anticipated to take no more than one hour and Plaintiff will cover the cost of Mr. Kanter to prepare for and attend a one-hour deposition, the Motion is moot. It is therefore

**ORDERED:**

1. The Motion (Doc. 379) is **DENIED as moot**.

2. Should Mr. Kanter's deposition exceed one-hour in duration, or should the Defendant seek to re-notice Mr. Kanter for a second deposition after the first deposition is complete, Defendant shall be responsible for the payment of Mr. Kanter's additional fees, which shall accrue at a rate of $345.00 per hour. The Court does not determine at this time whether advance payment will be necessary.

3. This Order is entered without prejudice to Defendant's filing an appropriate motion to waive the payment of expert fees based upon her alleged indigent status under the "manifest

[1] Made applicable to this proceeding by Fed. R. Bankr. P. 7026.

injustice" exception in Fed. R. Civ. P. 26(b)(4)(E). Such motion, if filed, shall detail Defendant's assets and shall disclose all income received by Defendant regardless of source or amount.

Clerk's Office to serve.