UNITED STATES BANKRUPTCY
COURTMIDDLE DISTRICT OF
FLORIDA TAMPA DIVISION

| | |
|---|---|
| IN RE:<br><br>FAITH ELYZABETH ANTONIO,<br><br>Debtor. | Case No: 8:20-BK-07637<br>Chapter 7 |
| DGP PRODUCTS INC. D/B/A NUMERIC RACING,<br>Plaintiff,<br><br>vs.<br><br>FAITH ELYZABETH ANTONIO,<br><br>Defendant. | Adversary Case No:<br>8:20-ap-00537-CPM |

**REQUEST FOR EXPEDITED CONSIDERATION**

**DGP PRODUCTS INC.'S**
**MOTION FOR PROTECTIVE ORDER OF SUBPOENA**
**DIRECTED TO SYNOVUS BANK**
**[Doc# 444]**

DGP Products Inc. d/b/a Numeric Racing ("**DGP**") files this *Expedited* Motion for Protective Order regarding the subpoena for records directed to Synovus Bank as proposed by Faith Elyzabeth Antonio ("**Debtor**") pursuant to Federal Rule of Civil Procedure 26 (c). Full compliance with the subpoena is unreasonable because it seeks irrelevant and/or duplicative records. In support DGP states as follows:

1. On November 22, 2021, Debtor filed her Notice of Subpoena to Produce Documents Directed to Synovus Bank (the "**Synovus Subpoena**") [Doc# 444].

2. Debtor requests in the Synovus Subpoena any and all records related to DGP from June 1, 2014 until December 31, 2020.

3. In addition, Debtor seeks all records regarding DG Auto Sales and Service, LLC and the personal records of DGP's owner, Daniel Geberth.

4. Debtor's subpoena is nothing more than a fishing expedition to seek personal and private records that are irrelevant and would never lead to admissible evidence.

5. On March 26, 2021, DGP provided Debtor with copies of the Synovus bank statements from January 1, 2014 to December 31, 2019 [DGP 00211-DGP00540]. DGP also provided copies of Synovus bank statements for Daniel Geberth's personal account from December 15, 2014 to January 16, 2020 [DGP00568 to DGP01112].

6. On November 10, 2021, this Court then instructed DGP to produce DGP's Synovus bank statements for the entire year of 2020[1]. The purpose of disclosing the 2020 bank records is to show any possible credits that DGP could have received as a result of DGP contesting the embezzled charges.

7. Nothing was ordered as to Daniel Geberth's personal records. Additionally, to date, no requests or issues have been related to DG Auto Sales and Service , LLC.

---

[1] The undersigned submits that the statements have been provided by DGP to the Solomon Law Group which is in the process of redacting the statements. The Solomon Law Group anticipates that the statements will be provided to Debtor and filed with the Court during the week of November 29, 2021 due to the Thanksgiving holiday.

8. Debtor is now seeking personal records that are irrelevant to this lawsuit, or any lawsuit pending in any court between the parties for that matter. The requested production is merely an attempt to harass DGP's owner, Daniel Geberth.

9. A court must limit discovery if the information sought is unreasonably cumulative or duplicative or can be obtained from some other source more convenient, less burdensome, or less expensive. Fed. R. Civ. P. 26(b)(2)(C). A party may request a protective order to prevent discovery that results in "annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c)(1). *See also Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426 (M.D. Fla. September 28, 2005), ("As parties, Defendants clearly have standing to move for a protective order if the subpoenas seek irrelevant information."). The standard for issuance of a protective order is good cause. *Fox v. Lake Erie College of Osteopathic Med.*, Inc., 2020 U.S. Dist. LEXIS 225668 (D.D. Fla. December 2, 2020).

10. Debtor's requests exceed the scope of discovery and violates the privacy rights of non-parties to this action is not entitled to any records pertaining to non-party DG Auto Sales and Service LLC. DG Auto Sales and Service LLC is not a party to any lawsuit involving the parties.

11. Any document regarding the production of Daniel Geberth's personal bank accounts during the year of 2020 are irrelevant.

12. More importantly, DGP has already produced a number of documents in this matter, of which the relevant requests are duplicative.

**WHEREFORE,** DGP requests that the Court will enter a protective order limiting any discovery to be obtained by the Synovus Subpoena.

*/s/ Stanford R. Solomon*
Stanford R. Solomon
ssolomon@solomonlaw.com
Florida Bar No. 302147
**THE SOLOMON LAW GROUP, P.A.**
1881 West Kennedy Boulevard, Suite
DTampa, Florida 33606-1611
(813) 225-1818 (Tel)
(813) 225-1050 (Fax)
Attorneys for **DGP PRODUCTS INC. D/B/A NUMERIC RACING**

**Certificate of Service**

I hereby certify that I am admitted to the bar of this Court. I further certify that theforegoing **DGP PRODUCTS INC.'S MOTION FOR PROTECTIVE ORDER OF SUBPOENA DIRECTED TO SUNOVUS BANK** was filed through the CM/ECF system and served by e-mail and standard first-class mail on November 23, 2021 upon:

Faith Elyzabeth
Antonio3564 Dove
Hollow Ct.
Palm Harbor, FL 34683
Email: faithantonio.legal@gmail.com
***Pro Se* Defendant**

*/s/ Stanford R. Solomon*
Stanford R. Solomon
**THE SOLOMON LAW GROUP, P.A.**
Attorneys for **DGP PRODUCTS INC. D/B/A NUMERIC RACING**