ORDERED.

**Dated: December 23, 2021**

Catherine Peek McEwen
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:

Faith Elyzabeth Antonio,

Case No. 8:20-bk-07637-CPM
Chapter 7

Debtor.
_________________________________________/

DGP Products Inc. d/b/a Numeric Racing,

Plaintiff,

Adv. No. 8:20-ap-00537-CPM

vs.

Faith Elyzabeth Antonio,

Defendant.
_________________________________________/

**ORDER SETTING CASE MANAGEMENT**
**CONFERENCE ON DISCOVERY MATTERS**

THIS PROCEEDING is considered on the Court's initiative for entry of an appropriate order. For the better part of the past six months, the Court has been inundated by discovery disputes arising from the clear and palpable distrust between the parties in this proceeding. In what should be a simple nondischargeabilty action, the docket has ballooned to more than 500 entries, rivaling the most complex Chapter 11 cases that come before this Court. The Court has conducted numerous hearings, sometimes two or three a week, in an endeavor to assist the parties

to minimize these disputes. And when it became clear that hearings by themselves were insufficient to ebb the tide of these discovery disputes, the Court went so far as to suspend the operation of local rules and require that discovery papers be filed with the Court so as to minimize the prospects of a "she said/he said" dispute concerning whether discovery actually had been sent or received. Despite the Court's best efforts, the disputes continue. Worse yet, some disputes are wholly or borderline frivolous.

Trial in this case is set for March 14–19, 2022. To keep the parties focused and on track for the March trial, the Court concludes that a half-day case management conference on outstanding discovery matters (the "Discovery Conference") will best serve the parties in preparing for trial as well as conserve judicial resources. At the Discovery Conference, the Court will hear and determine any outstanding discovery disputes of which it is aware, including scheduling the completion of Defendant's deposition, whether live or on written questions. The parties should be prepared to discuss any discovery matter that remains unresolved between them. As indicated at the hearings on December 16 and 17, any claim that the other party has failed to produce, respond to, or participate in discovery as required under the rules or order of this Court must be demonstrated clearly by citation (including page number(s)) to the Court's docket or document presented to the Court, with a copy made available for the other party, for real-time review. Generalized grievances or unsubstantiated claims will be summarily rejected or denied, with prejudice.

Notwithstanding the above, the Court strongly encourages the parties to cooperate and mutually resolve all outstanding discovery disputes in advance of the Discovery Conference. This includes, without limitation, the production of the complete set of Amazon records due to Plaintiff and the additional bank account records due to Defendant.

At the Discovery Conference, the Court will also hear and determine those related matters set separately by the Court. These include (i) the preliminary hearing on sanctions related to *Plaintiff's Expedited Motion for Sanctions for Faith E. Antonio's Failure to Attend Depositions* (Doc. No. 323),[1] (ii) a ruling, discussed at the December 16 hearing, relative to the Court's *in camera* review of Plaintiff's unredacted Synovus Bank and American Express statements, of which the Court hereby acknowledges receipt, (iii) the continued preliminary hearing on *Defendant[']s Motion for Protective Order for the November 19, 2021 Deposition of Faith Antonio* (Doc. No. 441), and (iv) if filed as a stand-alone motion accompanied by the transcript of Defendant's deposition as discussed at the December 16 hearing, Plaintiff's motion for an order compelling Defendant to answer specified deposition questions.

It is, therefore, **ORDERED:**

1. The Court shall conduct a Discovery Conference on outstanding discovery matters in this case on January 6, 2022, to begin at 1:30 p.m. in Courtroom 8B, Sam M. Gibbons United States Courthouse, 801 N. Florida Ave., Tampa, FL.

2. The parties shall be prepared to discuss any discovery matter that remains unresolved between them as well as those matters set separately by the Court.

Service by CM/ECF only.

---

[1] By order entered December 22, 2021 (Doc. No. 498), the Court found that Defendant's health records, which were filed under seal, were "utterly insufficient" to show an appropriate justification for Defendant's failure to attend her scheduled deposition and granted Plaintiff's motion for sanctions. The same order set the matter for preliminary hearing on January 6, 2022, to determine an appropriate sanction.