UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| IN RE:<br><br>FAITH ELYZABETH ANTONIO,<br><br>Debtor.<br>_______________________________ | ) | Case No: 8:20-BK-07637<br>Chapter 7 |
| DGP PRODUCTS INC. D/B/A NUMERIC RACING,<br>Plaintiff,<br><br>vs.<br><br>FAITH ELYZABETH ANTONIO,<br><br>Defendant.<br>_______________________________ | ) | Adversary Case No:<br>8:20-ap-00537-CPM |

**DGP PRODUCTS INC.'S MOTION TO COMPEL**
**<u>FAITH E. ANTONIO'S RESPONSES TO DEPOSITION QUESTIONS</u>**
**[PURSUANT TO ORDER[1] DOC# 502]**

DGP Products Inc. d/b/a Numeric Racing ("**DGP**") files Motion to Compel Faith E. Antonio's Responses to Deposition Questions.

In support, DGP states as follows:

## PROCEDURAL HISTORY

1. On <u>July 9, 2021</u>, DGP initially sought the deposition of Faith Elyzabeth Antonio ("**Debtor**"). Despite DGP's best efforts and this Court's numerous orders scheduling the Debtor's deposition, the deposition did not occur until months later.

[1] Order Setting Case Management Conference on Discovery Matters [Doc# 502].

2. On October 22, 2021, the Court entered a Second Amended Supplemental Order on Motion to Compel Depositions rescheduling Debtor's depositions for the sixth[2] time on November 18th and 19th, 2021 [Doc# 360].

3. An attorney from the law firm of Stichter, Blain and Postler, P.A. was ordered to be present and serve as an observer during all depositions scheduled (the "**Observer**") [Doc# 360].

4. The functions of the Observer were to (i) assist the Court by ensuring proper decorum during the depositions, (ii) to propose solutions to procedural disputes arising during the deposition (e.g. refusal to answer), and (iii) if the need arises for an informal discovery dispute conference with the Court, the Observe could summarize the dispute to the Court in the presence of the parties [Doc# 360 at ¶2].

**DEBTOR'S BEHAVIOR DURING DEPOSITION OF NOVEMBER 18, 2021**

5. On November 18, 2021, the first part of Debtor's deposition took place. Debtor was late to the deposition and when asked simple background information regarding residency and contact information, Debtor refused to respond[3] stating that she was only required to respond to information during the timeframe delineated in the complaint [T1 at P6-12].

---

[2] See [1] Doc# 174 Ordering Debtor's deposition occur on August 19 and 20, 2021; [2] Doc# 198 Order Granting Motion to Compel Debtor's Deposition; [3] Doc# 253 Amended Order Compelling Debtor's Deposition; [4] Doc# 296 Order reiterating that Debtor's Deposition of September 30, 2021 and October 1, 2021 would proceed as scheduled; and [5] Doc# 308 Order on Plaintiff's Expedited Motion to Compel Deposition instructing Debtor to appear at her deposition.

[3] References to the deposition transcripts shall be as follows: Deposition Transcript of Deposition of Faith Antonio taken on November 18, 2021 [Doc# 484-1] shall be referred to [T1 at P___L___]. Deposition Transcript of Deposition of Faith Antonio taken on November 19, 2021 [Doc# 485-1] shall be referred to [T2 at P___L___].

6. Debtor also walked out of the deposition and had to be coaxed to come back which caused additional unnecessary delays [T1 at P12-22].

7. The commencement of the deposition was delayed for an hour and a half due to Debtor's misconduct. Even as she begrudgingly participated in her deposition, she continuously engaged in combative and unprofessional behavior.

8. For example, Debtor:

(a) Repeatedly talked over Mr. Solomon and the Observer;

(b) Refused to answer direct questions;

(c) Called Mr. Solomon a child [T1 at P23/l7]; a liar [T1 at P50/L12]; and accused him of "hiding things" [T1 at P51/l11-12];

(d) Debtor was unresponsive to many questions asked. Debtor repeatedly restructured the questions posed in her responses so that she was not answering the question asked but rather answering the questions she created [T1 at pages 6, 7[4], 11[5], 38[6], 39, 40, 44, 53, 71, 73, 77[7], 83, 84, 85[8], 90, 98, 105, 108, 126, 128, 136, 137, 138, 142, 151[9], and 164 to identify a few].

---

[4] Request for email addresses used objected to by Debtor due to alleged privilege.
[5] Debtor's refusal to provide any information regarding general background.
[6] Debtor's refusal to divulge who resides with her.
[7] Debtor's restructuring of a question as to whether she performed any tasks at the warehouse for DGP in connection with the business.
[8] Debtor's restricting of question as to whether Debtor recalled any conversation when Daniel Geberth instructed Debtor to reflect Numeric Racing as her employer on an application.
[9] Debtor's refusal to identify any evidence she had to support the opinion that Daniel and Aspen Geberth made purchases with the Numeric Racing American Express credit card held in Faith Antonio's name.

9. The Observer (Scott Stichter, Esquire) did his best to manage the depositions but was unable to get Debtor to actively participate in the deposition and act with decorum.

10. On November 19, 2021, Debtor filed her Motion for Protective Order for the November 19, 2021 Deposition of Faith Antonio (the "**Motion for Protective Order**") [Doc# 441].

11. The hearing on the merits of the Motion for Protective Order was continued and will now be heard tomorrow, January 6, 2022 [Doc# 502] when Debtor will be represented by counsel[10].

12. Debtor sought to limit the discovery beyond the period of time encompassing DGP's Complaint because any such disclosures could "threaten the safety" of Debtor and her family [Doc# 441].

**DEBTOR'S BEHAVIOR DURING THE DEPOSITION OF NOVEMBER 19, 2021**

13. On November 19, 2021, the second part of Debtor's deposition took place. This time Debtor was forty-four minutes late claiming that she was stuck in traffic due to an accident around the Westshore area of Highway 275[11] [T2 P178/L22-P179/L12].

14. Despite her allegations that she was stuck in traffic dues to an accident, Debtor emailed the undersigned attorney a copy of the Motion for Protective Order at 1:27 p.m. [Doc# 443].

[10] It is unknown whom Debtor has retained to represent her in this Adversary Proceeding. If an attorney has been retained, that attorney has not filed his/her Notice of Appearance as of the date of filing this Motion to Compel.

[11] DGP submits that there was no such accident. See Exhibit "A" to Doc# 474 and Doc# 511.

15. Once the deposition finally got on its way at 1:51 p.m., Debtor refused to answer any questions regarding:

(a) Anything she considered personal in nature [T2 P193/L25-P194/L4];

(b) Anything related to "current circumstances" [T2 P241/L19-P242/L11]; and

(c) Any question Debtor considered to be "open ended" [T2 P273/L8-18].

16. Debtor was unresponsive to many questions presented. Debtor continued to restructure the questions posed in her responses so that she was not answering the question asked but rather answering the questions she created [T2 at pages 188, 193[12], 208, 228[13], 232[14], 233, 237, 265, 266, 268, 270, and 290 to identify a few]. Consequently, the undersigned would have to ask the question two to four different times because Debtor would not answer the specific questions asked.

17. When Debtor was redirected by the Observer designated by the Court (this time Barbara Hart, Esquire) Debtor then would simply state "she did not know" the answer to the question asked.

18. This Court and the Observer attempted to redirect Debtor during both days of her deposition to no avail.

[12] Debtor's refusal to testify as to any matters she considered present personal facts and events.

[13] Debtor's refusal to testify as too when and
how she received a laptop from DGP or its representatives.

[14] Debtor's refusal to state what items she had in her possession that Daniel Geberth had paid for and asked that the items be returned.

19. Debtor's behavior during both depositions is akin to not having the deposition occur at all as no discovery was really accomplished during the depositions held on November 18th and 19th, 2021 due to Debtor's unresponsiveness.

20. DGP needs the information regarding Debtor's addresses and email accounts because they are relevant to the unauthorized purchases made by Debtor. Likewise, DGP needs general background information outside of the period of the events delineated in the complaint to lay the proper predicate in preparation for trial.

21. Debtor has willfully and contumaciously ignored and openly "thumbed her nose" at the authority of this Court. Debtor has made a mockery of the legal proceedings. Despite complaining that she is "fearful" and being "harassed" by Daniel Geberth, Debtor continues to prolong this matter and cause unnecessary issues and delay which keep these two parties involved in this Adversary Proceeding.

22. DGP has been prejudiced by Debtor's unresponsiveness during her deposition. DGP has not been able to conduct reasonable inquiry as to the basis for Debtor's objection and opposition to DGP's claims. Consequently, DGP will be unable to object, impeach or rebut Debtor's testimony at trial. Furthermore, DGP's expert has been unable to complete its expert report without the completion of the deposition.

23. DGP has incurred an extraordinary amount in attorneys' fees and costs in defending the numerous filings made by Debtor. DGP is obligated to pay its attorneys reasonable fees for services rendered in connection with this proceeding.

24. This Court should compel Debtor to answer questions during her deposition. In the alternative, DGP is willing to consider that Debtor respond to written

deposition questions provided the Court provide strict and specific instructions to Debtor as to what is expected from Debtor in formulating her responses.

25. Should Debtor continue to refuse to respond to the deposition questions, this Court should strike Debtor's pleadings and enter a judgment of default denying discharge.

26. This Court should prohibit Debtor from testifying and from adducing evidence at trial.

27. This Court should hold Debtor responsible for the payment of DGP's attorneys' fees, expert fees, and costs.

**WHEREFORE,** DGP requests that the Court grant this Motion and enter an order compelling Debtor to respond to deposition questions and grant DGP any other relief the Court deems just.

Respectfully submitted,

*/s/ Stanford R. Solomon*

Stanford R. Solomon
ssolomon@solomonlaw.com
bankruptcy@solomonlaw.com
Florida Bar No. 302147
**THE SOLOMON LAW GROUP, P.A.**
1881 West Kennedy Boulevard, Suite D
Tampa, Florida 33606-1611
(813) 225-1818 (Tel)
(813) 225-1050 (Fax)
Attorneys for **DGP PRODUCTS INC. D/B/A NUMERIC RACING**

## Certificate of Service

I hereby certify that a true copy of the foregoing **DGP PRODUCTS INC.'S MOTION TO COMPEL FAITH E. ANTONIO'S RESPONSES TO DEPOSITION QUESTIONS** was filed through the CM/ECF system and served by CM/ECF transmission on January 5, 2022 upon:

Faith Elyzabeth Antonio
Email: faithantonio.legal@gmail.com
***Pro Se* Defendant**

*/s/ Stanford R. Solomon*
Stanford R. Solomon
ssolomon@solomonlaw.com
bankruptcy@solomonlaw.com
Florida Bar No. 302147
**THE SOLOMON LAW GROUP, P.A.**
1881 West Kennedy Boulevard, Suite D
Tampa, Florida 33606-1611
(813) 225-1818 (Tel)
(813) 225-1050 (Fax)
Attorneys for **DGP PRODUCTS INC. D/B/A NUMERIC RACING**