ORDERED.

**Dated: March 12, 2022**

Catherine Peek McEwen
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:

Faith Elyzabeth Antonio,

Debtor.

Case No. 8:20-bk-07637-CPM
Chapter 7

______________________________________/

DGP Products Inc. d/b/a Numeric Racing,

Plaintiff,

Adv. No. 8:20-ap-00537-CPM

vs.

Faith Elyzabeth Antonio,

Defendant.

______________________________________/

**ORDER DENYING (I) DEFENDANT'S MOTION FOR LEAVE TO AMEND ANSWER TO ADD COUNTERCLAIMS, (II) DEFENDANT'S MOTION FOR RECONSIDERATION TO REQUEST PLAINTIFF'S TAX RETURNS, AND (III) PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S MOTION MOTION FOR LEAVE TO AMEND ANSWER TO ADD COUNTERCLAIMS AS MOOT**
(Docs. 584, 600, & 652)

Before the Court are three related motions: first, Defendant's *Motion for Leave to Amend Answer to Add Counterclaims against DGP Products Inc. d/b/a Numeric Racing* (Doc. 584) (the "Motion to Amend"); second, Defendant's *Motion for Reconsideration to Request DGP Products, Inc. Tax Returns as Requested in Defendant's First Request for the Production of Documents* (Doc.

600) (the "Reconsideration Motion"); and third, Plaintiff's *Motion to Strike Defendant's Motion for Leave to Amend Answer to Add Counterclaims* (Doc. 652) (the "Motion to Strike"), which the Court deems a response in opposition to the Motion. Because the Court's decision as to the first motion determines the remaining two, the Court begins with the Motion to Amend.

Defendant seeks leave under Rule 7015(a)(2) of the Federal Rules of Bankruptcy Procedure ("Rule(s)") to amend her answer to asserts counterclaims.[1] Specifically, she seeks to add two counterclaims: (1) mail and wire fraud under 18 U.S.C. §§ 1341 & 1343 and (2) tax fraud under 26 U.S.C. § 7434. Defendant attaches a proposed amended answer to her motion. For the reasons that follow and in addition to many of those articulated in the Motion to Strike, the Motion to Amend is denied.

Where a party does not have the right to amend its pleading "as a matter of course," it may, nevertheless, amend its pleading but only with the consent of the opposing party or leave of the Court.[2] "Ordinarily, a court should 'freely give' leave to amend a pleading 'when justice so requires.'"[3] That notwithstanding, "a motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the [opposing party], and futility of the amendment."[4] Whether to allow a party to amend its pleading is within the sound discretion of the Court.[5]

Defendant's first proposed counterclaim seeks relief under Title 18 of the United States Code, which defines federal crimes and governs federal criminal procedure. A bankruptcy court has no jurisdiction to consider criminal matters.[6] And in the absence of proper jurisdiction,

---

[1] Rule 7015 makes Fed. R. Civ. P. 15 applicable to this proceeding.
[2] Rule 7015(a)(1) & (2).
[3] *Blackburn v. Shire US Inc*, 18 F.4th 1310, 1317 (11th Cir. 2021) (quoting Fed. R. Civ. P. 15(a)(2)).
[4] *Johnson v. Georgia Dep't of Veterans Serv.*, 791 F. App'x 113, 116 (11th Cir. 2019) (quoting *Maynard v. Bd. of Regents of Div. of Univs. of Fla. Dep't of Educ. Ex rel. Univ. of S. Fla.*, 342 F.3d 1281, 1287 (11th Cir. 2003)).
[5] *See, e.g.*, *Blackburn*, 18 F.4th at 1317; *Johnson*, 791 F. App'x at 116.
[6] 28 U.S.C. § 1334(b); *e.g.*, *In re Otoh*, No. 20-61779-BEM, 2020 WL 6226068, at *10 (Bankr. N.D. Ga. Oct. 22, 2020), *aff'd sub nom. Otoh v. Barr*, No. 1:20-CV-4547-TCB, 2021 WL 1931514 (N.D. Ga. May 6, 2021); *In re Ankoanda*, 495 B.R. 599, 606 (Bankr. N.D. Ga. 2013); *In re Bentley*, No. 04-15825MAM-13, 2006 WL 2285621, at *2 (Bankr. S.D. Ala. June 27, 2006).

dismissal is mandatory.[7] It serves no purpose whatsoever for Defendant to amend her answer to assert a counterclaim[8] over which this Court has no jurisdiction.[9] Accordingly, as to the mail and wire fraud claim, the Motion to Amend is frivolous.

Defendant's second proposed counterclaim seeks relief under § 7434 of the Internal Revenue Code.[10] Alleging that discovery has revealed "additional fraud" by Plaintiff which was not "completed" until January 2022,[11] Defendant baldly asserts that her proposed claim is a timely asserted compulsory counterclaim and boldly states that notwithstanding that the trial is mere weeks away (as of the time the Motion to Amend was filed), Plaintiff will suffer no prejudice should the Court permit the amendment. The Court disagrees on both counts. Defendant's post-petition tax fraud claim is not inextricably intertwined with Plaintiff's prepetition embezzlement claim or its objection to discharge. Thus, the tax fraud claim cannot be said to be a compulsory counterclaim.[12] When the Motion to Amend was filed, trial was less than three weeks away. Plaintiff could not have been expected in such a short timeframe to prepare a reasonable defense

---

[7] *See Arbaugh v. Y & H Corp.*, 126 S. Ct. 1235, 1244 (2006) (indicating that dismissal is mandatory when a federal court concludes that it lacks subject matter jurisdiction). The Court has a duty to consider *sua sponte* whether it has appropriate jurisdiction. *See, e.g.*, *id.*; *Fitzgerald v. Seaboard Sys. R.R., Inc.,* 760 F.2d 1249, 1251 (11th Cir. 1985).

[8] For the reasons stated in the Motion to Strike (¶¶ 15–18), it is arguably inappropriate to refer to the mail and wire fraud claim as a "counterclaim." *See also Anderson v. Uber Techs., Inc.*, No. 3:17CV878/RV/EMT, 2019 WL 1880149, at *3 (N.D. Fla. Apr. 9, 2019), *report and recommendation adopted*, No. 3:17CV878/RV/EMT, 2019 WL 1877352 (N.D. Fla. Apr. 26, 2019); *Sevastopoulos v. KAS, Inc.*, No. 09-14338-CIV, 2010 WL 11596735, at *2 (S.D. Fla. Aug. 9, 2010); *Strickland v. Holiday RV Superstores, Inc.*, 817 F. Supp. 951, 953 (M.D. Fla. 1993), *aff'd sub nom. Strickland v. Holiday RV Superstore*, 28 F.3d 115 (11th Cir. 1994).

[9] *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) ("Leave to amend . . . is futile when the [pleading] as amended would still be properly dismissed or be immediately subject to summary judgment . . . .").

[10] 26 U.S.C. §§ 1-9834 (2018).

[11] Motion to Amend ¶¶ 10–11.

[12] Although, unlike 18 U.S.C. §§ 1341 & 1343, 26 U.S.C. § 7434 provides a private cause of action, the plain language of the statute indicates that a claim does not accrue until the alleged fraudulent return is actually filed. § 7434(a) ("If any person willfully *files* a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return." (emphasis added)); *cf. Butler v. Enter. Integration Corp.*, 459 F. Supp. 3d 78, 105 (D.D.C. 2020) ("[T]he text of the statute 'plainly does not encompass an alleged failure to file a required information return." (quotation omitted)). Based on Defendant's allegations, her tax fraud claim may not have arisen, if at all, until late January 2022, several years after the events alleged in this case transpired. Accordingly, the Court cannot conclude that the tax fraud claim arose out of the "same operative facts" alleged in Plaintiff's adversary complaint and, therefore, the claim is not a compulsory counterclaim. *Republic Health Corp. v. Lifemark Hosps. of Fla., Inc.*, 755 F.2d 1453, 1455 (11th Cir. 1985).

to an unrelated counterclaim. The prejudice to Plaintiff should the Motion to Amend be granted is significant and clear.[13]

Defendant's second proposed counterclaim is neither compulsory nor much more than tangentially related to the claims asserted in the complaint, and if allowed, its inclusion would obviously prejudice Plaintiff. Moreover, and more importantly, because the tax fraud claim is neither compulsory nor inextricably intertwined with the resolution of Plaintiff's claims, standing alone, it is outside the Court's jurisdiction. The tax fraud claim (assuming Defendant can meet the strict pleading standards for such a claim)[14] is a purely private dispute that does not "arise under, arise in, or [is] related to a bankruptcy case."[15] The tax fraud claim is a creature of the Internal Revenue Code and could exist absent Defendant's bankruptcy filing; thus, it does not "arise under" the Bankruptcy Code[16] nor "arise in" a bankruptcy case.[17] As to this court's "related to" jurisdiction, which is "narrower" in Chapter 7 cases like here, that jurisdiction "may [be] exercise[d] . . . over a proceeding if the outcome of the proceeding could conceivably have an effect on an estate being administered in bankruptcy."[18] The alleged tax fraud claim is a post-petition claim that does not augment nor impact the administration of the estate. Thus, the court's

[13] While clear that granting the motion would prejudice Plaintiff, the Court does not agree that Defendant necessarily has acted with undue delay. Assuming Defendant's allegations to be true and her claim did not accrue until sometime in late January 2022, the Motion to Amend was filed within one month of the accrual of the claim.

[14] *See, e.g.*, *Tran v. Tran*, 239 F. Supp. 3d 1296, 1298 (M.D. Fla. 2017) (indicating that to state claim under § 7434, a plaintiff must show willfulness and that "[t]o prove wilfulness [sic], the plaintiff must show that the defendants, aware of the duty purportedly imposed by Section 7434, specifically intended to flout the statute." (citing *Cheek v. United States*, 498 U.S. 192, 111 S. Ct. 604 (1991))); *Seijo v. Casa Salsa, Inc.*, No. 12-60892-CIV, 2013 WL 6184969, at *7 (S.D. Fla. Nov. 25, 2013) (providing that as an element of § 7434 claim, a plaintiff must show that "the [filed] return was fraudulent, which means that it was not an error, but rather an 'intentional wrongdoing.'"); *see also Butler v. Enter. Integration Corp.*, 459 F. Supp. 3d 78, 105–07 (D.D.C. 2020) (discussing the elements of a § 7434 claim).

[15] *In re Rousselle*, 259 B.R. 409, 412 (Bankr. M.D. Fla. 2001); *see* 28 U.S.C. § 1334(b); *see, e.g.*, *In re Murray Indus., Inc.*, 204 B.R. 74, 77 (Bankr. M.D. Fla. 1995) ("Unless a proceeding falls within one of the[] three specified categories of proceedings over which the district courts are granted jurisdiction pursuant to [28 U.S.C.] § 1334, it cannot be heard by the bankruptcy courts.").

[16] 11 U.S.C. §§ 101–1532.

[17] *See, e.g.*, *In re Murray Indus., Inc.*, 204 B.R. at 77.

[18] *In re Rousselle*, 259 B.R. at 412 (citing *In re Lemco Gypsum, Inc.*, 910 F.2d 784, 787–89 (11th Cir. 1990)).

"related to" jurisdiction is in no way implicated by what Defendant's desires to plead.[19] For these reasons, the Court will deny Defendant's Motion to Amend as to the tax fraud claim as also frivolous. To the extent her claims are viable, Defendant is free to bring a separate action in a court of competent jurisdiction.[20]

Defendant's Reconsideration Motion is closely tied to her Motion to Amend. In fact, the discovery that Defendant seeks via the Reconsideration Motion is really sought in furtherance of her proposed counterclaim for tax fraud, not upon Plaintiff's claims that are the subject of this proceeding or Defendant's defenses to those claims. Because the Court has denied the Motion to Amend, there is no reason for the Court to reconsider its prior discovery ruling.

The Court having denied the Motion to Amend, the Motion to Strike is moot.

It is therefore **ORDERED:**

1. The Motion to Amend (Doc. 584) is **DENIED**.

2. The Reconsideration Motion (Doc. 600) is **DENIED**.

3. Plaintiff's Motion to Strike (Doc. 652)[21] is **DENIED, as moot.**

Service of this Order other than by CM/ECF is not required.

---

[19] *See In re Lemco Gypsum, Inc.*, 910 F.2d 784, 789 (11th Cir. 1990) ("The mere fact that there may be common issues of fact between a civil proceeding and a controversy involving [a bankruptcy case] does not bring the matter within the scope of § 1334(b). Judicial economy itself does not justify federal jurisdiction."); *In re Rousselle*, 259 B.R. at 412 ("A bankruptcy court may not exercise jurisdiction over . . . an unrelated claim merely because there are common issues of fact between the unrelated claim and a core proceeding such as a discharge objection. To fall within the court's ["related to"] jurisdiction, the . . . claims must affect the estate, not just the debtor.").

[20] *Cf. In re Rousselle*, 259 B.R. at 413 (stating the court lacked jurisdiction to hear certain tort claims but that the objection to discharge, over which the court had core jurisdiction, would continue to be heard by the court).

[21] Notably, Plaintiff makes no mention of Fed. R. Bankr. P. 12(f), which provides the authority to strike a parties' pleading (assuming that is, that a motion to amend a pleading might fairly be characterized as a pleading). A more customary response to a motion to amend a pleading would be just that, a response in opposition, as the Court has deemed the Motion to Strike to be. It adds to the judicial burden and wastes resources to call things a motion rather than an opposition.