UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| In re:<br><br>FAITH ELYZABETH ANTONIO,<br><br>Debtor.<br>______________________________<br>DGP PRODUCTS INC., D/B/A NUMERIC RACING,<br>Plaintiff,<br><br>vs.<br><br>FAITH ELYZABETH ANTONIO,<br><br>Defendant.<br>______________________________ | Case No: 8:20-BK-07637<br>Chapter 7<br><br><br><br><br><br><br><br><br>Adversary Case No:<br>8:20-ap-00537-CPM |

**DGP PRODUCTS INC.'S**
**NOTICE OF FILING E-HOUNDS, INC.'s REPORT AND**
**CHRONOLOGY OF EVENTS DISCUSSING TIK TOK VIDEOS**
**[Doc# 836]**

DGP Products Inc. d/b/a Numeric Racing ("**Plaintiff**") hereby gives notice to the Court and to Faith Elyzabeth Antonio ("**Defendant**") of the filing of the attached E-Hounds, Inc. report on the forensic of the Cell Phone[1] and DGP's chronology regarding the discussions had regarding the device used to record, upload, and post the Tik Tok videos[2].

Respectfully submitted,

*/s/ Stanford R. Solomon*

Stanford R. Solomon
ssolomon@solomonlaw.com
bankruptcy@solomonlaw.com
Florida Bar No. 302147
**THE SOLOMON LAW GROUP, P.A.**
1881 West Kennedy Boulevard, Suite D
Tampa, Florida 33606-1611
(813) 225-1818 (Tel)
(813) 225-1050 (Fax)
Attorneys for **DGP PRODUCTS, INC.**

[1] As referenced in the Court's Order Denying Amended Motion for Leave to File Defendant's Motion to Set Aside Court's Order to Turn Over Cell Phone Directly to E-Hounds, Inc. for Forensic Analysis [Doc# 836].

[2] To show that no mention was ever made by Defendant to DGP or this Court that the Cell Phone had been factory reset and the Tik Tok application downloaded to the Cell Phone AFTER the dates at issue, i.e., September 30, 2021 and October 1, 2021, the dates of Defendant's court ordered depositions.

## Certificate of Service

I hereby certify that I am admitted to the bar of this Court. I further certify that **DGP PRODUCTS INC. D/B/A NUMERIC RACING'S NOTICE OF FILING E-HOUNDS, INC.'S REPORT** was filed and served through the CM/ECF system on April 5, 2022 upon Faith Elyzabeth Antonio [Email: faithantonio.legal@gmail.com] *Pro Se* Defendant.

*/s/ Stanford R. Solomon*
Stanford R. Solomon
ssolomon@solomonlaw.com
bankruptcy@solomonlaw.com
Florida Bar No. 302147
**THE SOLOMON LAW GROUP, P.A.**
1881 West Kennedy Boulevard, Suite D
Tampa, Florida 33606-1611
(813) 225-1818 (Tel)
(813) 225-1050 (Fax)
Attorneys for **DGP PRODUCTS, INC.**

E10102-1 (Apple iPhone – SN C6KZK51BN72L)
Imaged by: E. Rojas
Analyzed by: R. Rohr

**Preservation of Evidence:**

On March 31, 2022, Faith Antonio produced to E-Hounds an Apple iPhone (SN C6KZK51BN72L) for preservation and analysis. E-Hounds evidence technician Ernesto Rojas received the device and executed a chain of custody document. Once the phone was entered into our evidence database, a forensic collection of the phone was performed using industry standard methodology. Upon completion of the forensic collection, the forensic copy was processed into 2 of our mobile forensic analysis platforms, Oxygen Forensics and Magnet Axiom for review and analysis.

**Analysis of Evidence**

The TikTok application is not logged in on the iPhone presented to E-Hounds and does not appear to have an account associated with it. The TikTok application was downloaded to the phone on January 23, 2022, as was Twitter, Snapchat, Instagram, TikTrends, and InShot Video Editor, all within a few minutes of each other. Some historical TikTok data was observed on the device, and the account that had been used (based on messages) was 6851917883178714118.

In accordance with the order dated March 30, 2022 in section 2:

- The forensic analysis of the Cell Phone is meant to determine (i) if and when the Tik Tok videos in question were created on the device and (ii) if they existed but were deleted, when the videos were removed from the device. E-Hounds, Inc.'s investigation shall be limited in scope to videos created on the device or the Tik Tok application or posted to Tik Tok on September 30 and October 1, 2021. No other videos created outside those limited parameters are to be considered or analyzed.
- If the Cell Phone shows no evidence that the Tik Tok videos posted on September 30 and October 1, 2021, were created on the device, the Court will then consider a motion asking for a similar narrowly drawn search of other devices.

There was NO activity observed on September 30, 2021, or October 1, 2021. It appears that the device was factory reset on November 23, 2021, at approximately 10:39PM.

**Summary**

The limited artifacts available on the phone due to the device being reset and the TikTok account not being logged in limit the artifacts we are able to review. Based on our evaluation, it is likely cached data. This is the result of someone installing the app, logging in, and reviewing only certain videos and/or messages.

It is my recommendation that TikTok account 6851917883178714118 be forensically preserved and analyzed along with any other devices that had logged into that account. This will provide the most complete and accurate analysis of the requested data.

________________________________________

Robert Rohr, Senior Analyst

**E-Hounds, Inc.**
32815 US Highway 19 North
Suite 100
Palm Harbor, FL 34684
Tel: 727-726-8985
Direct: 727-314-1450
E-Mail: rrohr@ehounds.com

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| In re:<br><br>FAITH ELYZABETH ANTONIO,<br><br>Debtor.<br>______________________________<br>DGP PRODUCTS INC., D/B/A NUMERIC RACING,<br>Plaintiff,<br><br>vs.<br><br>FAITH ELYZABETH ANTONIO,<br><br>Defendant.<br>______________________________ | Case No: 8:20-BK-07637<br>Chapter 7<br><br><br><br><br><br><br><br><br>Adversary Case No:<br>8:20-ap-00537-CPM |

**DGP PRODUCTS INC.'S**
**<u>CHRONOLOGY OF EVENTS RELATED TO TIK TOK VIDEOS</u>**

| DATE | DOC NO. | DOCUMENT |
|---|---|---|
| 10/1/21 | 312 | Notice Advising Court of Audio Recordings of Proceedings Posted on Social Media |
| 10/4/21 | 320 | Order To Defendant to Show Cause Why the Court Should Not Impose Sanctions Against Defendant for Allegedly Broadcasting on Social Media A Recording of a Court Proceeding |
| 10/7/21 | 323 | DGP Products Inc's Motion for Sanctions for Debtor's Failure to Attend Depositions<br>¶21: "The undersigned has learned that on September 30, 2021, during the hours that Debtor was supposed to appear at her deposition, Debtor was posting videos on social media about the case, about the attorneys and judges involved, and the rulings made in open court." |
| 10/12/21 | 324 | Defendant's Objection to Plaintiff's Motion for Sanctions<br>¶ 50: "Plaintiff wrongfully alleges that was posting to her social media accounts during the time of her deposition. This is factually untrue and will be addressed in a separate motion". |
| 10/18/21 | **HEARING** | Hearing upon DGP's Motion for Sanctions.<br>DGP was not afforded an opportunity to show the Court that the videos had in fact been uploaded during the hours allotted for Debtor's deposition. Nonetheless, the Court discharged favorably the Order to Show Cause. |

| DATE | DOC NO. | DOCUMENT |
|---|---|---|
| 10/20/21 | 352 | Order Discharging Favorably Order to Defendant to Show Cause Why Court Should Not Impose Sanctions Against the Defendant for Allegedly Broadcasting on Social Media A Recording of a Court Proceeding And Denying the Motion for Consideration of Defendant's Response to Order to Show Cause and Motion to Strike Plaintiff's Notice Advising Court of Audio Recordings or Proceedings Posted on Social Media |
| 11/10/21 | **HEARING** | Motion to Compel Plaintiff to Produce Documents from Defendants Second Request for Production of Documents |
| 11/17/21 | **HEARING** | Pretrial conference<br>"Ms. Antonio to provide medical records under seal by 11/19/21" |
| 11/18/21<br>11/19/21 | **DEPOSITION** | Defendant's Deposition occurred. She stated she was unable to attend her prior deposition due to medical reasons. |
| 12/13/21 | 474 | DGP Products Inc's Response & Objection to Defendant's Motion for Protective Order for the 11/19/21 Deposition and Motion to Compel Defendant's Responses to Deposition questions or in the Alternative Motion for Sanctions |
| 12/16/21<br>12/17/21 | **HEARING** | Emergency Motion for Protective Order for the 11/19/21 Deposition of Defendant continued to 12/17, continued to 1/6 |
| 12/23/21 | 498 | Order Acknowledging Receipt of Defendant's Health Records and Setting Sanctions Hearing on Plaintiff's Expedited Motion for Defendant's Failure to Attend Depositions:<br><br>The Court reviewed the health records and found them utterly insufficient to establish a medical justification for Debtor's failure to appear at the deposition. The Court also stated in its Order that noticeably absent from the medical records is any indication of Defendant's receiving, or for that matter even seeking, medical treatment on September 30 or October 1, 2021.<br><br>Court also held that during the 1/6/22 hearing, DGP could request an evidentiary hearing to attempt to prove its allegation that Defendant was posting on Tik Tok at the time that she should've been appearing at her deposition [Doc 498 at ¶3] |
| 1/6/22 | **HEARING** | 1) Continued hearing on Motion for Protective Order re: 11/19/21 Deposition (Granted in part)<br>2) Discovery Management conference<br>3) Motion for Sanctions filed by Debtor (denied)<br>4) Motion for Sanctions for Defendant's Failure to Attend Deposition (under advisement as to fees, a trial will be held as to striking debtor's pleadings based on alleged Tik Tok activity, set for 1/28/22<br>5) Motion for Protective Order of Subpoenas Directed to Intuit (Granted in Large Part) |
| 1/18/22 | 534 | DGP Products Inc's First Set of Interrogatories [Tik Tok Trial] Directed to Defendant. All interrogatories were regarding the Tik Tok videos and the devices used to record them. |
| 1/18/22 | 535 | DGP Products Inc's First Request for Production [Tik Tok Trial] Directed to Defendant |

| DATE | DOC NO. | DOCUMENT |
|---|---|---|
| 1/25/22 | 551 | Defendant's Motion in Limine to Exclude Irrelevant Evidence Sought to be Admitted by Plaintiff And the Testimony of Plaintiff's Nonlawyer Employee, William Kent<br><br>Defendant states "Plaintiff's allegations that Defendant had been posting on Tik Tok during the time set of her previously scheduled depositions. Such evidence is not relevant, and is also unduly prejudicial and should be excluded [¶1]" and<br><br>"Evidence and argument regarding Defendant's activities, including use of personal funds, her location, electronic device used is irrelevant to Plaintiff's claims and therefore inadmissible. Fed. R. Evid 402. To the extent that such evidence has any relevance to Plaintiff's claims, the probative value of such evidence is substantially outweighed by the danger of unfair prejudice to Defendant, the potential for such evidence to confuse or mislead the trier of fact, and by the amount of time that would be wasted presenting evidence and argument about events that occurred before or after the relevant time period. Fed. R. Evid. 403 [¶2]" |
| 1/25/22 | 552 | Defendant's Responses to Plaintiff's First Request for Production of Documents and Plaintiff's First Set of Interrogatories for Tik Tok Trial<br><br>Defendant objected to every request and interrogatory. |
| 1/26/22 | 554 | Defendant's Objection to DGP Products Inc's Final Proposed Witness and Exhibit List for Tik Tok Trial |
| 1/26/22 | 556 | DGP Products Inc's Verified Response to Defendant's Interrogatories for Tik Tok Trial Directed to DGP Products Inc |
| 1/27/22 | 561 | Order on Defendant's Responses to Plaintiff's First Request for the Production of Documents and Plaintiff's First set of Interrogatories for Tik Tok Trial<br><br>"Upon Review of the Notice, the Court notes Defendant's objections to Plaintiff's Document Request No 1, in which Plaintiff sought production of "All videos included in Composite Exhibit A in their native format**. These videos are squarely at issue in the trial scheduled for tomorrow, January 28, 2022."** "Defendant must produce the videos, identified in Composite Exhibit A, in their native format immediately before the start of the trial tomorrow. The Court reminds Defendant that refusal to provide discovery may lead to sanctions, including the Court's drawing of an adverse inference or prohibiting Defendant from offering evidence in opposing Plaintiff's claims concerning the videos" "[Defendant] shall produce the Tik Tok Videos in their native format immediately before the commencement of the Tik Tok Trial" |
| 1/28/22 | Tik Tok Trial (Transcript at Doc# 624) | P10/L9-14<br>Court: With respect to the production of the videos in native form, did you produce those today immediately before the trial?<br>Antonio: I don't have—with this platform, there's no ability to have a native form. Everything is done in app, and I'm not the sole user to the account". |

| DATE | DOC NO. | DOCUMENT |
|---|---|---|
| | | P14/L22<br>Court: I have already determined that your failure to appear was unjustified because you did not prove otherwise.<br><br>P31/L19-21<br>Plaintiff's counsel: Okay. And isn't it correct that you can also derive TikTok videos from your device library?<br>Defendant: Yes.<br><br>P32/L5-8<br>Plaintiff's counsel: There are some videos that you have uploaded to TikTok that come from your own device, the library of your own electronic device, correct?<br>Defendant: Correct.<br><br>P42/L25-P43/L4<br>Plaintiff's counsel: Did you record any videos for TikTok on October 1st of 2021?<br>Defendant: Yes.<br>Plaintiff's counsel: Did you upload any videos on October 1st of 2021?<br>Defendant: No. |
| 1/28/22 | 569 | Amended Doc 561 and 562 to say [Defendant] shall produce the Tik Tok Videos in their native format immediately before the commencement of the Tik Tok Trial |
| 1/31/22 | 582 | DGP Products Inc's Motion to Compel Better Responses to DGP's First Request for Production [Tik Tok Trial] |
| 1/31/22 | 583 | DGP Products Inc's Second Set of Interrogatories Directed to Defendant Elyzabeth Antonio |
| 2/2/22 | 588 | DGP Products Inc's Second Request for Production Directed to Defendant Elyzabeth Antonio |
| 2/2/22 | 589 | DGP Products Inc's Amended Motion to Compel Better Responses to Plaintiff's First Request for Production [Tik Tok Trial] directed to Defendant Elyzabeth Antonio |
| 2/3/22 | 598 | DGP Products Inc's Third Request for Production Directed to Defendant Elyzabeth Antonio (regrading meet and confer) |
| 2/10/22 | 620 | Notice of Filing Defendant's Response to Plaintiff's Second Set of Interrogatories (Defendant objected to each Request) |
| 2/11/22 | 623 | Notice of Filing Defendant's Response to Plaintiff's Third Request for Production (regarding meet and confer) |
| 2/11/22 | 624 | Notice of Filing Tik Tok Trial Transcript |
| 2/18/22 | 677 | Defendant's Response in Objection to Plaintiff's Motion to Compel Better Responses to First Request for Production [Tik Tok Trial [Directed to Defendant Elyzabeth Antonio |

| DATE | DOC NO. | DOCUMENT |
|---|---|---|
| | | "Furthermore, Ms. Gregor testified that the posts were located in the draft folder on the Tik Tok Platform and that Ms. Gregor used her phone to push it through the platform." ¶10<br><br>"Defendant objects to Plaintiff's proposal of submitting her phone to a third-party computer forensic company. Information that is irrelevant to the claims or defenses of the parties is beyond the scope of discovery" ¶14 |
| 3/10/22 | 783 | DGP Products Inc's Notice of Filing Correspondence from Tik Tok |
| 3/14/22 | **HEARING** (Transcript at Doc# 831-1) | Production of device to E-Hounds, Inc. discussed at pages 48-51. |
| 3/14/22 | 809 | Defendant's Motion for Leave to File Notice of Advising Court of Plaintiff's Service of Court Documents Relating to the Posting of a Tik Tok Video on October 1, 2020 Plaintiff Titled as "Temper Tantrum" |
| 3/15/22 | 810 | Defendant's Motion for Leave to File Amended Notice of Advising Court of Plaintiff's Service of Court Documents Relating to the Posting of a Tik Tok Video on October 1, 2020 Plaintiff Titled as "Temper Tantrum |
| 3/18/22 | 820 | Order<br>(1) Denying Motion for Leave to File Notice of Advising Court of Plaintiff's Service of Court Documents Relating to the Posting of a Tik Tok Video on October 1, 2020 Plaintiff Titled as "Temper Tantrum;<br>(2) Directing Defendant to Turn Over Her Cell Phone Directly to E-Hounds, Inc. for Forensic Analysis at Their Offices by no later than Tuesday March 22, 2022; and (3) Extending the Screening Injunction as to Future Filings of Defendant |
| 3/21/22 | 821 | Defendant's Motion for Leave to File Defendant's Motion to Set Aside Court's Order Directing Defendant to Turn Over Her Cell Phone Directly to E-Hounds, Inc. for Forensic Analysis. |
| 3/21/22 | 822 | Defendant's Amended Motion for Leave to File Defendant's Motion to Set Aside Court's Order Directing Defendant to Turn Over Her Cell Phone Directly to E-Hounds, Inc. for Forensic Analysis. |
| 3/29/22 | 836 | Order Denying Defendant's Motion for Leave to File Defendant's Motion to Set Aside Court's Order Directing Defendant to Turn Over Her Cell Phone Directly to E-Hounds, Inc. for Forensic Analysis.<br><br>"The Cell Phone shall be produced in the manner previously directed by not later than March 31, 2022. The failure to do so shall result in the Court drawing the adverse inference that some or all of the Tik Tok videos posted on the dates in question were recorded immediately before, meaning substantially contemporaneously with, the time of their posting" |
| 3/30/22 | 839 | Defendant's Motion for Leave to File Expedited Motion for Clarification for Order and for Stipulations Regarding Turnover of Device to E-Hounds on March 31, 2022 |
| 3/30/22 | 842 | Order (1) Granting Motion for Leave to File Defendant's Motion for Clarification for Order and for Stipulations Regarding Turnover of Device to E-Hounds on March 31, 2022; and<br>(2) Granting, in Part, Expedited Motion for Clarification Regarding Turnover of Device to E-Hounds. |