ORDERED.

**Dated: October 15, 2026**

Catherine Peek McEwen
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:

Faith Elyzabeth Antonio, | Case No. 8:20-bk-07637-CPM
Chapter 7

Debtor.
_______________________________________/

DGP Products Inc. d/b/a Numeric Racing,

Plaintiff,

vs. | Adv. No. 8:20-ap-00537-CPM

Faith Elyzabeth Antonio,

Defendant.
_______________________________________/

**SUPPLEMENTAL ORDER ON DGP'S EXPEDITED MOTION FOR SANCTIONS FOR FAITH E. ANTONIO'S FAILURE TO ATTEND DEPOSITIONS**

THIS PROCEEDING came on for consideration after preliminary and evidentiary hearings on DGP's Expedited Motion for Sanctions for Faith E. Antonio's Failure to Attend Depositions (Doc. 323) (the "Motion"). The issue raised by the Motion is whether sanctions under Rule 7037 of the Federal Rules of Bankruptcy Procedure are appropriate based on the Defendant's failure to submit to a duly scheduled two-day deposition, causing the Plaintiff to incur fees and expenses for deposition preparation and for seeking sanctions. The Defendant's tender of a medical justification

for her non-appearance proved insufficient for the Court to excuse her non-attendance, so the Court granted the Motion and reserved ruling on the determination of an appropriate sanction, whether that be fee- and cost-shifting and/or striking of the Defendant's pleadings (Doc. 498). The evidentiary hearing was held to permit the Plaintiff to prove its allegation that the Defendant was creating and posting video content on TikTok on one of the days and at the same time she should have been at the deposition, which, if proved, would merit increased sanctions.

Without going into the details of how the TikTok social media platform works and that, apparently, videos may be recorded but posted publicly some time thereafter, suffice it to say that the Defendant was unable to rebut the contention that she was not too sick to be recording video late into the night before her scheduled deposition or to be posting video content during the time the deposition was supposed to be happening. A forensic inspection of the smart phone the Defendant said she used to record TikTok videos yielded no evidence of the time she recorded the subject video. The forensic examiner who testified at trial said the phone had been reset to factory settings by the time the phone was delivered to him, preventing him from ascertaining the time of the video was recorded.

The Court has carefully considered the Plaintiff's affidavit of attorneys' fees and costs in support of the Motion (Doc. 512). The Court has also carefully considered the Defendant's opposition to the fees and costs sought by the Plaintiff (Doc. 517). The Defendant's opposition is largely irrelevant to the dates in question. And the few discrete time entries she questions (*e.g.*, the Plaintiff's trial team preparing for the deposition together; the Plaintiff's counsel speaking with the volunteer chaperone the Court arranged to ensure civility at the deposition; the Plaintiff's trial team preparing a video exhibit for the TikTok evidentiary hearing; and the efforts the firm took to

try to convince the Defendant to adhere to the original deposition setting) are entirely reasonable in the context of this discovery dispute.

Considering the criteria set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), the Court finds and concludes that reasonable fees to be shifted to the Defendant—taking into account some utility of deposition preparation for the rescheduled deposition and otherwise discounting to avoid duplication of effort—is $12,135.50. The only expenses shown on the statements attached to the affidavit are $100 for photocopies (which amount differs from that sought in the affidavit itself). Neither the per-copy cost of the photocopies nor their connection to the resolution of this dispute is sufficiently disclosed for the Court to determine the reasonableness of cost-shifting.

For the foregoing reasons and for the reasons stated orally after the TikTok evidentiary hearing and recorded in open court that shall constitute the decision of the Court, it is

**ORDERED:**

1. Sanctions in the form of fee-shifting are appropriate for the Defendant's failure to appear for her scheduled deposition. The Court will incorporate the following compensatory sanction into the final judgment that will be entered in favor of the Plaintiff and against the Defendant after the Court issues its forthcoming memorandum decision on the merits of this proceeding: $12,135.50 in fees as compensatory damages.
2. In addition, the Court strikes three of the Defendant's affirmative defenses: spoliation, setoff, and statute of limitations.

Service instructions: The Court directs the Clerk of the Court to serve the Defendant by U.S. Mail, unless she has elected to receive electronic service by the Court.